1830.

Camp
v.
Niagara Bank.

CAMP *vs.* THE RECEIVERS OF THE NIAGARA BANK.

Where a suit had been commenced at law by the Bank of Niagara previous to its insolvency, and the receivers of the bank after their appointment elect to proceed with the suit, and upon the trial the plaintiffs were nonsuited, it was held that the defendant was entitled to his costs of the suit, down to and including the entering of the nonsuit, out of the fund in the hands of the receivers.

July 6th.

THIS was an application for an order requiring the receivers to pay the costs of a suit at law prosecuted in the name of the President, Directors and Company of the Bank of Niagara against the petitioners, and in which the plaintiffs were nonsuited at the trial.

*D. Tillinghast,* for the petitioner.

*M. Chittenden,* for the receivers.

THE CHANCELLOR. Although the suit against the petitioner was commenced under the direction of the officers of the bank and was at issue before the appointment of the receivers, yet as the receivers elected to go on with that suit for the benefit of the fund, it is equitable that they should pay the whole previous costs, as well as those which accrued after they assumed the control of the suit. (*Masse* v. *Gillelan,* 1 Paige, 644.) If the receivers did not think it for the interest of the creditors to run the risk of having the costs charged upon the fund, they should have abandoned the suit, and then the petitioner would only have been entitled to share rateably with the other creditors. The petitioner is entitled to his costs, down to the time of the nonsuit, to be paid out of the fund in the hands of the receivers, unless they have some legal claim to off-set. For the purpose of this application, I must presume the nonsuit was right; and that the claim for which that suit was brought was actually barred by the statute of limitations. The petitioner is not entitled to the costs of making up the record and issuing an execution against the bank. That was an unnecessary and

1830.

Aymer
v.
Gault.

useless expense. He knew that the company was insolvent, and that all its property of every description was in the hands of officers of this court. Any attempt to enforce the collection of the costs by execution against the property in the hands of the receivers would have been punishable as a contempt.

An order must be entered authorizing and directing the receivers to pay the costs of the petitioner, down to and including the entering of the nonsuit, out of the funds in their hands; but, under the circumstances, he is not entitled to the costs of this application.