# COURT OF APPEALS.

THE COLUMBIAN INSURANCE COMPANY, respondent agt. SAMUEL STEVENS and HENRY W. PEABODY, appellants.

In an action prosecuted by a *receiver* for the collection of an alleged money demand, instituted or carried on for the enhancement of the fund, for the benefit of those to whom it is ultimately to be paid, the defendant, on obtaining judgment in his favor, is entitled to *costs to be paid to him immediately out of the funds in the receiver's hands.*

The defendant in such case is not obliged to stand as a *general creditor* to await the final administration, and receive only (as the case may be) his distributive share of the fund *pro rata* with those for whose benefit he has been subjected to a groundless litigation.

The scheme and principle proposed by the chapter of the Code in relation to *costs,* is, that where costs are allowed, they shall be paid by the fund or party who would be benefited by a *counter judgment.*

Such a question is not one addressed to the discretion of the court in such a sense that no appeal lies to this court from the decision made in the court below.

*January Term,* 1868.

APPEAL from an order of the supreme court, duly affirmed by the general term in the first district.

This action was commenced by the plaintiffs on the 9th of January, 1866; but on the 23d of the same month, and before the defendants' appeared, receivers of the plaintiffs' property were appointed by the supreme court, and the action was prosecuted by the receivers and their successor to trial. The action was an ordinary suit at law for the recovery of money only. On a trial before a referee, the defendants ob-

tained a report upon which judgment was entered for their costs of suit.

The defendants thereupon applied by motion for an order that the receiver pay such costs out of funds in his hands, showing by affidavit that he had funds in his possession as such receiver to a much larger amount.

The nature of the receivership was not shown by the papers, nor does it appear to what extent there are claims of creditors or others to the funds in the hands of the receivers.

The motion was denied at special term and the order was affirmed in general term.

The defendants appealed to this court.

IRA D. WARREN *for appellants.*

I. § 317 of the Code provides "In an action prosecuted or defended by an executor, administrator, trustee of an express trust, or a person expressly authorized by statute, costs shall be recovered as in an action by and against a person prosecuting or defending in his own right; but such costs shall be chargeable only upon or collected of the estate, fund, or party represented, unless the court shall direct the same to be paid by the plaintiffs personally," &c.

It then excepts executors and administrators from its provisions where they are exempted by the Revised Statutes.

Under this provision of the Code we claim that the receiver, had he brought this suit, would have been bound to pay the defendants' costs. (*Conger* agt. *Hudson River Railroad Co.* 7 *Abbott,* 255.) § 321 of the Code, "In actions in which the cause of action shall by assignment after the commencement of the action, *or in any other manner,* become the property of a person not a party to the action, such person shall be liable for the costs, in the same manner as if he were a party, and payment thereof may be enforced by attachment."

Under these provisions of the Code, we asked the court below for an order directing the receiver to pay the defendants' costs, which the court denied.

The court erred in denying our motion for the reasons :

The defendant was entitled to the order directing the receiver who became the owner of the cause of action after suit brought to pay his costs. If, after the order had been made, the receiver refused, the defendant could have enforced his claim by attachment.

We have taken the only remedy under these provisions of the Code to enforce the payment of the defendants' costs. (*Colvard* agt. *Oliver,* 7 *Wend.,* 497 ; *Carnahan* agt. *Pond,* 15 *Abbott,* 194; 2 *Paige.*)

It seems perfectly clear that the receiver, being a trustee of an express trust, expressly authorized by statute to sue," he is bound to pay the defendants' costs out of the fund, unless the court direct him to pay it personally, and that the court were bound to order it paid out of the fund, as no misconduct is shown on the part of the receiver.

Under these sections of the Code we claim that we are entitled to this order as a

matter of absolute right. (*Jordan* agt. *Sherwood*, 10 *Wend.* 122; *Giles* agt. *Halbut*, 2 *Kernan*, 32; *Colvard* agt. *Oliver*, 7 *Wend.*, 497; *Schoolcraft* agt. *Lathrop* 5 *Cowden*, 17.)

II. The receiver became the owner of this cause of action three weeks after it was commenced, and continued to prosecute it until a final determination of the action in favor of the defendant.

Can a receiver, with plenty of funds in his hands, incur an obligation in his capacity as receiver, and then refuse to pay it out of the funds in his hands?

Will the court permit a suit to be prosecuted against a party for the benefit of the fund in the receiver's hands, and, when it results in a failure, refuse to charge that fund with costs?

We submit, on a proper case being presented, as there was here, that the defendants are entitled to the order of the court directing its officer having custody of the funds to pay this money as a strict legal right, as the receiver cannot do it without the order of the court. (*Story's Equity Jurisprudence*, § 833.)

We submit that, where the receiver seeks by a suit to increase the funds in his hands and fails, that fund should be charged with the costs, and that the § 317 of the Code makes it chargeable on the fund expressly, unless the court order the receiver to pay it personally.

III. The receiver is an officer of the court; the funds of the plaintiff is, therefore, in the hands of the court.

Can the court incur an obligation in the prosecution of a suit to increase the funds in its hands, and then, if it fails, say to its unfortunate victim, "It is discretionary with me whether I pay you or not, and I am discreet enough not to do it?"

We submit this would be monstrous injustice and inequity, and that the supreme court has no such discretion; and that this court is the only court having power to correct it.

This order is reviewable by this court under § 11 of the Code, Sub. 3. It is a "summary application in an action after judgment," and it "affects a substantial right." (*Bank of Geneva* agt. *Reynolds*, 33 *N. Y. R.* 160; *The People* agt. *N. Y Central Railroad Co.* 29 *N. Y. R.* 423.)

IV. We ask that the order of the general and special terms be reversed, and an order made directing the receiver to pay the costs.

## T. G. SHEARMAN *for respondents.*

I. The appeal should be dismissed. The order of the general term is not reviewable in this court.

1. Assuming that the court below had power to make the order for which the defendants applied, it was certainly a matter within its discretion. The defendants had recovered judgment, and could have issued execution in the ordinary way. This was all to which they were entitled as a matter of *right*. It is not in the regular course of judicial business to grant an order directing the payment of a judgment. It may be that leave might have been required to issue an execution, the assets being in the hands of receivers; but this was not the relief for which the defendants applied. They asked for an order of a peculiar character, not to remove obstacles to the exercise of their absolute rights under the judgment, but to obtain a species of relief which was never obtainable under an ordinary money judgment, as a matter of course. Such a relief can only be asked as a *favor*, not as a *right*.

2. The decision of the court below against an application for a favor is not appealable. (*Spaulding* agt. *Kingsland*, 1 *N. Y. R.* 426; *King* agt. *Merchant's Exchange Co.* 5 *N. Y. R.* 547; *Candee* agt. *Lord*, 2 *N. Y. R.* 269; *Lansing* agt. *Russell*, 2 *N. Y. R.* 563; *Briggs* agt. *Vandenburgh*, 22 *N. Y. R.* 467.)

3. The order applied for by the defendants was of much the same nature as an order requiring a receiver to file security for costs. It was designed to effect the same purpose *after* judgment, as an order of that kind would effect *before* judgment. Such an order, it is now settled, is not appealable. (*Briggs* agt. *Vandenburgh*, 22 *N. Y. R.* 467.)

II. The court below had no power to make the order sought by the defendants' attorneys.

1. The statute under which the receivers were appointed, and which governs them, and the court in directing them, expressly prohibits any preference being given to judgments, except so far as they are liens upon real estate (2 *R. S.* 470, § 79). And it is only by virtue of a *judgment* for these costs that they can be recovered at all.

2. The statute provides for *pro rata* payments in all cases, except those particularly mentioned therein. A judgment for costs is not one of the excepted and preferred claims. (2 *R. S.* 470, § 79.)

III. There is no difference in this respect between the costs of an unsuccessful *defense* and of an unsuccessful *prosecution*. In the former case, no one pretends, or has ever claimed, that the costs are to be paid in full out of the assets of an insolvent corporation. But if the costs in either case are to be paid, the costs in both must be.

1. There is no difference made by the language of the statutes.

2. There is no difference in principle or upon grounds of expediency or public policy. The evil of an unjust defense is greater than that of an unjust claim, and it is of far more frequent occurrence.

IV. The rights of a defendant in this respect are abundantly protected by statutory provisions.

1. The defendants might have obtained security for costs. (*Code*, § 317.)

2. If the action had been carried on in bad faith, the receivers may be made personally liable. (*Id.*)

V. If the defendants could not avail themselves of these provisions, it must be for reasons which would make it no more than just that they should stand on the same footing as other creditors. They are not the only persons who suffer by the insolvency of the company. And there is no peculiar equity in their case which should give them a preference. Like many other defendants, they have defended a claim at some expense, and at the end find that the plaintiff is insolvent. It is hard, no doubt, but it is a hardship of every day occurrence; and often occurs where a claim is unreasonably pressed, which is not the case here. This suit has been maintained in good faith and on reasonable grounds. Part of the claim (the notes) has been settled.

VI. It has been attempted by the defendants' counsel to compare this claim to one founded upon an express contract with the receivers; and it was asked whether they could drive their clerks to accept a *pro rata* allowance with creditors of the company. The answer to this is easy.

1. A claim for costs acquired in hostility to the receivers is not founded upon any contract with them, express or implied.

2. If there was any contract in the case, it was with the *company*, not with the receivers. The action went on in the name of the company. If the defendants desired to establish any claim against the receivers, as distinguished from the company, they should have compelled the substitution of the receivers as parties plaintiff.

3. A clerk who continued to serve the *company* after the appointment of the ceivers, and should make out his bills to the company only, would have to take his

pay in the same manner as any other creditor. The reason why one who serves the receivers may receive his compensation in full is that he serves the court, of which the receivers are agents, and acts for the benefit of the creditors, whereas one who serves the *company* acts for the benefit of stockholders.

VII. It would be peculiarly unjust to the other creditors of the company to allow a preference in this case for the allowance of $800, that being not so much a matter of strict debt and absolute right, as a favor granted to the defendants by the court, with a view to increase their *pro rata* allowance, as has been done in other cases.

VIII. The appeal should be dismissed, or the order of the court below should be affirmed.

WOODRUFF, J. The right of the defendants to have judgment for their costs in such an action as the present, brought against them for the recovery of money only, is absolute as well by the law before as since the Code of Procedure. There is no claim nor ground of claim that the allowance of costs in the action was discretionary.

The liability of the receiver, in whom the alleged cause of action became vested after the summons herein was served and by whom the action was prosecuted, is made by section 321 of the Code the same as if he had caused himself to be made a party.

The questions here are, therefore :

*First.* In actions prosecuted by receivers for the collection of alleged money demands, instituted or carried on for the enhancement of the fund, for the benefit of those to whom it is ultimately to be paid, is the defendant entitled to costs to be paid to him immediately, or must he stand as a general creditor, to await the final administration and receive only (as the case may be) his distributive share of the fund *pro rata* with those for whose benefit he has been subjected to a groundless litigation ?

*Second.* Is the question stated addressed to the discretion of the court in such sense that no appeal lies to this tribunal from the decision made below ?

It was conceded on the argument that the costs in question are chargeable upon and are to be collected out of the fund. This could not well be denied ; and yet, in a case in which it does not appear by anything stated in the papers

that there are other claims on the fund of any sort except the interests of the stockholders of the company, it would seem to follow as of course that the receiver should have been directed to pay those costs. Such an order is the appropriate mode of reaching funds in the receiver's hands. Not being in form a party to the action, no execution could reach the property he holds; and being the custodian of the fund, as an officer of the court, he is subject to immediate direction to pay it to a party entitled.

If it be assumed that the company was insolvent, and that the funds which the receiver holds or may collect, may not prove sufficient to satisfy all the creditors of the company, this does not, in my opinion upon clear and just rules governing the subject, impair the defendants' right to be paid in full, the fund being confessedly sufficient.

The receiver is *pro hac vice* the representative of the company, its creditors and stockholders. The action is prosecuted for the increase of a fund which is to be paid to them. It is not according to any rule of justice or equity towards third parties, that actions like the present should be prosecuted by the company or such representative, otherwise than at the expense and risk of the fund which it is sought thereby to increase.

In my opinion, the right of the defendants to this protection and indemnity against groundless prosecution is clear, and it is not necessary to invoke the 317th section of the Code for its maintenance, further than to say that its provisions warrant the charge of the costs upon the fund.

And such charge should be absolute and prior to the claims of those for whose benefit the action is prosecuted, if the rules of equity require it, whether that section imperatively entitles the prevailing party to such priority of payment in all cases mentioned in that section, it is unnecessary in this case to decide.

If the views thus expressed are in conformity with established rules relating to the subject, as they are, in my judg

ment, conformable to what is obviously just, then it was not a matter of discretion to refuse the order sought.

The rule was applied by Chancellor WALWORTH to a case like the present, in which it *did* appear that the corporation was insolvent (*Camp* agt. *The Receivers of the Niagara Bank* (2 *Paige*, 283) where the receivers continued the prosecution of a suit at law, which was at issue before their appointment. In giving his opinion, he says: "If the receivers did not think it for the interest of the creditors to run the risk of having the costs charged upon the fund, they should have abandoned the suit, and then the petitioner would only have been entitled to share ratably with the other creditors.

"The petitioner is *entitled* to his costs down to the time of the nonsuit, to be paid out of the fund in the hands of the receivers," * * * and he made an order to that effect.

In my opinion, the scheme and principle proposed by the chapter of the Code in relation to costs, is that where costs are allowed, they shall be paid by the fund or party who would be benefited by a counter judgment, and that this case is not within any exception to the rule.

To the suggestion that the statute (2 *Rev. Stat.* 470, § 79) will not permit the preference sought, it must suffice to say that it is not sought to give a preference to the defendants in the payment of a debt of the company *as such;* it is to require the fund to bear and pay an expense incurred for its own benefit or increase.

Nor is it any answer to say that defendants often fail to collect their costs of a successful defense when the plaintiff is insolvent, and therefore the order made below works no unusual hardship.

Where the plaintiff has funds, the defendant is always entitled to collect, and does collect his costs. Now the beneficial party plaintiff has funds.

It may be said that this rule places it in the power of receivers to waste the whole of the assets in 'their hands in

groundless litigation, and successful defendants are paid their costs, while creditors may get nothing. On that subject I answer, when the receivers accounts are passed, there will be abundant opportunity for creditors and others to inquire whether he has acted with due regard to their interests, and the right to require that he personally pay costs which he ought not to have incurred, is not confined to the parties to the actions. (*Colvard* agt. *Oliver et al.* 7 *Wend.* 497.)

The question whether an unreasonable allowance was or was not made to the defendants, is not before us. We must assume that the case called for it.

The order appealed from should be reversed.

All the judges reverse.