THE COLUMBIAN INSURANCE COMPANY, Respondent, *v.* SAMUEL STEVENS et al., Appellants.

*Costs—Liability of Receiver to pay in full out of Assets—Preference over General Creditors.*

In an action prosecuted by a receiver of an insolvent corporation, for the collection of an alleged money demand, for the enhancement of the fund, and for the benefit of those to whom it is ultimately to be paid, on failure to sustain such action the Defendant is entitled to his costs, to be paid to him immediately. He does not stand as a general creditor, and is not required to await the final administration, receiving only his pro rata with the other creditors.

It is not in accordance with any rule of justice or equity toward third parties that such actions should be prosecuted by a company or its representative, otherwise than at the expense and risk of the fund which is thereby sought to be increased.

The Defendant being entitled to his costs immediately from the *fund*, and the order of the Court upon the receiver being to pay such costs from the fund, it did not rest in its discretion to refuse such order.

To make such order is not giving a preference to the Defendant in the payment of a debt; it is merely requiring the fund to bear and pay the expense incurred for its own benefit or increase.

Appeal from an order of the Supreme Court, duly affirmed by the General Term in the First District. This action was commenced by the Plaintiff on the 9th of January, 1866, but on the 23d of the same month, and before the Defendants appeared, receivers of the Plaintiff's property were appointed by the Supreme Court, and the action was prosecuted by the receivers and their successor to trial. The action was an ordinary suit at law for the recovery of money only. On a trial before a referee the Defendants obtained a report, upon which judgment was entered for their costs of suit.

The Defendants therefore applied by motion for an order that the receiver pay such costs out of funds in his hands, showing by affidavit that he had funds in his possession, as such receiver, to a much larger amount. The nature of the receivership was not shown by the papers, nor does it appear to what extent there are

claims of creditors or others to the funds in the hands of the receiver.

The motion was denied at Special Term, and the order was affirmed in General Term.

The Defendants appealed to this Court.

*Ira D. Warren* for Appellants.
*T. G. Shearman* for Respondent.

WOODRUFF, J.—The right of the Defendants to have judgment for their costs in such an action as the present, brought against them for the recovery of money only, is absolute, as well by the law before as since the Code of Procedure.

There is no claim nor ground of claim that the allowance of costs in the action was discretionary.   The liability of the receiver, in whom the alleged cause of action became vested after the summons herein was served, and by whom the action was prosecuted, is made, by section 321 of the Code, the same as if he had caused himself to be made a party.   The questions here are, therefore :

First. In actions prosecuted by receivers for the collection of alleged money demands, instituted or carried on for the enhancement of the fund, for the benefit of those to whom it is ultimately to be paid, is the Defendant entitled to costs immediately, or must he stand as general creditor, to await the final administration, and receive only (as the case may be) his distributive share of the fund, pro rata with those for whose benefit he has been subjected to a groundless litigation ?

Second. Is the question stated addressed to the discretion of the Court, in such sense that no appeal lies to this tribunal from the decision made below ?

It was conceded on the argument that the costs in question are chargeable upon and are to be collected out of the fund.   This could not well be denied; and yet, in a case in which it does not appear by anything stated in the papers that there are other claims on that fund of any sort, except the interests of the stockholders of the company, it would seem to follow, as of course, that the

receiver should have been directed to pay those costs. Such an order is the appropriate mode of reaching funds in the receiver's hands. Not being in form a party to the action, no execution could reach the property he holds; and being the custodian of the fund, as an officer of the Court he is subject to immediate direction to pay it to a party entitled.

If it be assumed that the company was insolvent, and that the funds which the receiver holds, or may collect, may not prove sufficient to satisfy all the creditors of the company, this does not, in my opinion, upon clear and just rules governing the subject, impair the Defendants' right to be paid in full—the fund being confessedly sufficient. The receiver is, pro hac vice, the representative of the company, its creditors and stockholders. The action is prosecuted for the increase of a fund which is to be paid to them. It is not according to any rule of justice or equity to these parties that actions like the present should be prosecuted by the company, or such representative, otherwise than at the expense and risk of the fund which it is sought thereby to increase.

In my opinion the right of the Defendant to this protection and indemnity against groundless prosecution is clear, and it is not necessary to invoke the 317th section of the Code for its maintenance, further than to say that its provisions warrant the charge of these costs upon the fund, and such charge should be absolute, and prior to the claims of those for whose benefit the action is prosecuted, if the rules of equity require it.

Whether that section imperatively entitles the privileged party to such priority of payment in all cases mentioned in that section, it is unnecessary in this case to decide.

If the views thus expressed are in conformity with established rules relating to the subject, as they are, in my judgment, conformed to what is obviously just, then it was not a matter of discretion to refuse the order sought.

The rule was applied by Chancellor Walworth to a case like the present, in which it did appear that the corporation was insolvent (Camp v. The Receivers of the Niagara Bank, 2 Paige,

283), where the receivers continued the prosecution of a suit at law which was *at issue* before their appointment. In giving his opinion he says : " If the receivers did not think it for the interest of the creditors to run the risk of having the costs charged upon the fund, they should have abandoned the suit, and then the petitioner would only have been entitled to share ratably with the other creditors. The petitioner is entitled to his costs down to the time of the nonsuit, to be paid out of the fund in the hands of the receivers;" and he made an order to that effect.

In my opinion the scheme and principle proposed by the chapter of the Code in relation to costs is, that when costs are allowed they shall be paid by the fund or party that would be benefited by a counter-judgment, and that this case is not within any exception to the rule.

To the suggestion that the statute (2 Rev. Stat. 470, § 79) will not permit the preference sought, it must suffice to say that it is not sought to give a preference to the Defendants in the payment of a debt of the company, *as such ;* it is to require the fund to bear and pay an expense incurred for its own benefit or increase.

Nor is it any answer to say that Defendants often fail to collect their costs of a successful defence, where the Plaintiff is insolvent, and therefore the order made below works no unusual hardship.

Where the Plaintiff has funds the Defendant is *always* entitled to collect, and does collect his costs. Now the beneficial party Plaintiff has funds. It may be said that this rule places it in the power of receivers to waste the whole of the assets in their hands in groundless litigation, and successful Defendants are paid their costs while creditors may get nothing. On that subject I answer, when the receiver's accounts are passed there will be abundant opportunity for creditors and others to inquire whether he has acted with due regard to their interests, and the right to require that he personally pay costs which he ought not to have incurred, is not confined to the parties to the actions (Colvard *v.* Oliver et al., 7 Wend. 497).

The question whether an unusual allowance was or was not made to the Defendants is not before us; we must assume that the case called for it.

The order appealed from should be reversed.

Reversed.