## In re DARLING'S ESTATE.

*(Supreme Court, General Term, Second Department.   May 11, 1891.)*

EXECUTORS AND ADMINISTRATORS—LIABILITY FOR COSTS.

> Testatrix having died during the absence abroad of the person named in her will as executor, the legatees took possession of the estate, paid all the debts, and divided the residue among themselves, and on the return of the executor they gave him a receipt for their shares of the estate.   The executor never rendered an accounting.   Afterwards he brought suit on a note held by testatrix against one J., in which judgment was rendered in favor of J. and against the executor for costs. *Held*, that the executor would be required to render an account and to pay the costs.

Appeal from surrogate's court, Suffolk county.

Proceeding by Daniel R. Davis and Philip H. Jones, as administrators with the will annexed of Elizabeth Jayne, deceased, to compel Benjamin S. Mills, as executor of the will of Clarissa Darling, deceased, to pay a judgment for $426.11 for costs, rendered against said Mills in an action brought by him, as executor, against petitioners as administrators to recover on a note held by Clarissa Darling against Elizabeth Jayne.   Clarissa Darling by her will, which was admitted to probate on July 10, 1871, appointed said Mills and

Lester H. Davis executors. Davis took no part in the settlement of the estate. Mills was absent at sea when his testatrix died, and during his absence the beneficiaries under the will took possession of the property of testatrix, paid all her debts, and divided the residue among themselves. On the return of Mills afterwards the legatees rendered to him a statement which he entered in his book, and the legatees signed a receipt for their respective shares of the estate. Nothing further was done in the estate until the year 1886, when Mills sued on the note above mentioned. The note was held to be barred by limitation, and judgment for $426.11 costs was entered against said Mills as executor. The administrators with the will annexed of Elizabeth Jayne, deceased, now ask that Mills be required to render an account and to pay said judgment for costs. The defense of the statute of limitations, in that Mills had parted with the estate and divided it among the legatees named in the will some years before he began the suit in which the judgment for costs was rendered against him, was sustained, and petitioners appeal. For former report see 13 N. Y. Supp. 783.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Thomas J. Ritch, Jr.,* for appellants. *George F. Stackpole,* for respondent.

PRATT, J. It has been laid down as a principle in some cases that, where a suit is brought for the benefit of a fund, the fund to be benefited by the suit ought to pay the costs in case of defeat. *Insurance Co.* v. *Stevens,* 35 How. Pr. 107. This seems to be a proper case for the application of such a principle. The plaintiff brought a suit for the benefit of the estate of which he was executor, in which he was defeated and costs awarded against him, and it is only just that the estate should be made to pay such costs. This imposes no real hardship upon the plaintiff in that suit, as he could have secured indemnity before commencing his suit from the parties to be benefited by a judgment in his favor. The circumstances under which the estate was settled and distributed does not constitute a valid defense to this claim, as there has never been any accounting by the plaintiff as executor. He seems to have permitted persons interested in the estate to take the property and divide it and pay the debts. Such an arrangement was valid as between them, but it did not bind creditors nor relieve the executor from doing his duty under the law. Having never accounted, and it appearing that the deceased left ample means, the executor must be presumed to have funds to meet accounts incurred in a suit brought for the benefit of the estate. Order reversed, and case sent back to the surrogate for further proceedings. All concur.