In the Matter of the Estate of PATRICK MAHONEY, Deceased.

MARY MAHONEY, as Administratrix, etc., of PATRICK MAHONEY, Deceased, Appellant; WILLIAM JONES, Respondent.

*Objection to a defective verification of a petition— not available in first instance on appeal — surrogate's decree directing payment of a Supreme Court judgment — enforced by contempt proceedings.*

The objection that the jurat of the verification of a petition, used in a proceeding in a Surrogate's Court, reads simply that it was "subscribed to before me (the surrogate) this 26th day of May, 1902," and does not state that it was sworn to before the surrogate, is not available for the first time on an appeal from an order granting the prayer of the petition.

A party who had recovered a judgment against an administratrix in the Supreme Court made application to the Surrogate's Court for leave to issue execution thereon. The application resulted in an order from which no appeal was taken adjudging that the administratrix had in her hands funds applicable to the payment of the judgment, and that execution might issue to the extent of the funds so applicable. The execution having been issued and returned unsatisfied, the judgment creditor made an application for a decree directing payment by the administratrix of the sum for which the execution was authorized to be issued.

*Held*, that the surrogate had jurisdiction to make the decree and to enforce compliance therewith by contempt proceedings, in the same manner as though the judgment or decree directing the payment of the money had been rendered in the Surrogate's Court instead of in the Supreme Court.

APPEAL by Mary Mahoney, as administratrix, etc., of Patrick Mahoney, deceased, from an order of the Surrogate's Court of Sullivan county, entered in said Surrogate's Court on the 12th day of July, 1902, directing the said administratrix to pay the sum of $135.60 to Charles H. Stage as attorney for William Jones.

In an action in the Supreme Court in which Mary Mahoney, as administratrix of Patrick Mahoney, deceased, was plaintiff, and William Jones was defendant, judgment was recovered by William Jones against Mary Mahoney, as administratrix, etc., for the sum of $297.03, and the same was docketed in the clerk's office of Sullivan county. A transcript of said judgment was presented to Mary Mahoney, as administratrix, and payment demanded, which was refused. Application was then made by Jones, as a creditor of the estate, under section 2722 of the Code of Civil Procedure, for a decree compelling the payment of the claim. This application was denied upon the ground that the petitioner was not a creditor within the meaning of that section. Thereafter application was made, under section 1825 of the Code of Civil Procedure, for leave to issue execution against said estate. This application was granted, and leave to issue execution in the sum of $135.60 was given to the respondent That execution was issued and returned *nulla bona.* Thereupon this application was made for a decree directing payment by the administratrix of the sum of $135.60. This application was granted, and from the order or decree entered thereupon, this appeal has been taken.

*John D. Lyons,* for the appellant.

*Charles H. Stage,* for the respondent.

SMITH, J.:

This application was opposed in the Surrogate's Court upon two grounds only : *First,* that the surrogate had no jurisdiction of the proceedings as the petitioner was not a creditor within the purview of the statute, and the proceeding was one to enforce in Surrogate's Court a judgment of the Supreme Court; that the relief was equitable and not within the jurisdiction of the court; *second,* that the petition was not properly verified, in that it was made by the attorney for William Jones, without properly stating why it was not verified by Jones himself.

Considering first the second objection. The brief of the appellant criticises the verification of the petition in that it does not appear to have been sworn to before the surrogate. The jurat reads simply that it was "subscribed to before me this 26th day of May, 1902," to which was the signature of the surrogate. If that objection had been made at the hearing it could then have been easily obviated. The objection to the verification at the hearing did not include this criticism as one of the grounds thereof, but was that the attorney had not stated sufficient grounds why the verification was made by himself and not by the petitioner. As long as this ground is not insisted upon upon this appeal, it is hardly worth while to discuss this objection at any length. The affidavit of verification shows that all the papers are in the hands of the attorney, and that he is more familiar with the facts than is the petitioner himself. The facts recited in the petition show that they are such as must have been almost entirely, if not wholly, within the personal knowledge of the attorney. We think the surrogate properly overruled this objection.

The other objection raised presents greater difficulty. Under section 1825 of the Code of Civil Procedure the petitioner was given the right to make application for leave to issue execution. Upon his application an accounting was had, and by the final order or decree it was determined that there were certain funds applicable to the payment of the petitioner's judgment, and to the extent of the funds so applicable execution might issue. No appeal was taken from that order. By section 2552 of the Code this order or decree is made conclusive of the fact that the executor or administrator has such funds. By the wrongful act of the administratrix who has concealed or disposed of the property, the execution has been returned unsatisfied. The administratrix now frankly objects that there is no power in the court to compel her to pay this sum. If this be true, there has been a serious omission in the statute by which the administratrix has been allowed to profit by her own wrong.

The application for leave to issue execution was a special proceeding. It was instituted upon petition by an order to show cause upon the return of which an accounting was necessarily had. Upon that accounting the Surrogate's Court determined what was the

interest of the petitioner in the funds of the estate in the hands of the administratrix. The determination of the surrogate upon that proceeding resulted in what may be called either a final order or decree under section 2550 of the Code of Civil Procedure. By section 3246 of the Code this judgment is exclusively chargeable upon and collectible from the estate represented by the administratrix. By subdivision 4 of section 2472 of the Code the Surrogate's Court has, in addition to the powers conferred upon it or the surrogate by special provision of law, general jurisdiction " to enforce the payment of debts and legacies, the distribution of the estates of decedents and the payment or delivery by executors, administrators and testamentary trustees of money or other property in their possession belonging to the estate." We are unable to find any special provision of law giving to the surrogate jurisdiction to enforce payment of these moneys by proceedings for contempt. The provisions of section 2555 refer to decrees of the Surrogate's Court which in terms direct payment of moneys which are primarily to be enforced by execution from the Surrogate's Court, or directing affirmatively some act by the administratrix. This decree simply authorizes the issuance of an execution from the Supreme Court. Within the general power, however, to enforce the distribution of estates of decedents and the payment by executors and administrators of moneys belonging to the estate, the court should not deny relief to the petitioner, the payment of whose claim has been evaded by the wrongful act of the administratrix. If the judgment or decree directing the payment of the money had been rendered in the Surrogate's Court and execution had been returned unsatisfied, that decree would be enforced by a proceeding for contempt under section 2555 of the Code. The relief asked for by the petitioner herein should, we think, be reached by a like proceeding, and the obligation of the administratrix to pay the petitioner be thus enforced. The final order of the Surrogate's Court should, therefore, be affirmed, with costs against the administratrix personally.

All concurred; HOUGHTON, J., not sitting.

Final order of surrogate affirmed, with ten dollars costs and disbursements against the administratrix personally.