the extent of the value of the property at the time when the extension agreement was made. In the present case, as will be observed from the above statement of the allegations of the complaint, it is not disclosed just how the title passed from the defendant Potter to the defendant Ray V. Kirschbaum, although it does appear that one Lulu Banford was an intermediate owner. If she or any other intermediate owner assumed the payment of the mortgage debt, then this case comes in the class with Calvo v. Davies, and such extension released the defendant Potter from all obligation on his bond, and no cause of action is stated against him. If, on the other hand, there was no such assumption of the payment of the mortgage debt by Lulu Banford or any other intermediate owner, then the defendant Potter was exonerated from his liability on his bond only to the extent of the value of the mortgaged property at the time the extension agreement was made with the defendant Ray V. Kirschbaum. In that event, before a cause of action is stated against him upon his bond, the complaint should go further, and allege that, at the time such extension agreement was made with Kirschbaum, the premises were worth less than the amount due on the mortgage.

In either aspect, therefore, the complaint is insufficient, and the plaintiff's motion for judgment upon the pleadings must be denied, with $10 costs, but with leave to the plaintiff to amend within 20 days after the order to be entered hereon, and upon payment of such costs.

---

(160 App. Div. 475)

### In re FRIEDLANDER'S ESTATE.

(Supreme Court, Appellate Division, First Department. January 23, 1914.)

EXECUTORS AND ADMINISTRATORS (§ 416*)—EXPENSE OF ADMINISTRATION—COSTS OF SUIT.

    Under Code Civ. Proc. § 3246, requiring that the costs of a suit resulting adversely to the executors be paid out of the estate exclusively, a judgment for costs in an action by executors for rent alleged to be due the estate was entitled to priority of payment as an expense of administration, though the estate was insolvent.

    [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1652–1654; Dec. Dig. § 416.*]

Appeal from Surrogate's Court, New York County.

In the matter of the estate of Albert Friedlander, deceased. An action was brought by Isaac N. Spiegelberg and another, as executors, against Nathan Citron and another, wherein judgment was rendered for defendants, and the executors appeal from an order authorizing an execution to issue against them. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Isaac Lande, of New York City, for appellants.
Benjamin E. Messler, of New York City, for respondents.

SCOTT, J. Albert Friedlander died on June 2, 1909, leaving a last will and testament which was duly admitted to probate, and letters tes-

tamentary were thereupon issued, on June 15, 1909, to Marie Friedlander and Isaac Spiegelberg as executors thereof.

On or about September, 1909, these executors sued Herman Citron and Nathan Citron for rent alleged to be due upon a lease made to them by said Albert Friedlander. This action resulted in a judgment in favor of said Herman and Nathan Citron for $373.62.

The estate of said Albert Friedlander is insolvent, but the executors have in their hands funds belonging to the estate largely exceeding the amount of the judgment referred to.

The claim did not exist at the time of the death of the decedent, and the holders are not therefore creditors of the estate within the meaning of section 2722, Code of Civil Procedure, yet section 3246 requires that the judgment be paid out of the estate exclusively; the case not being one in which the executors may be personally charged. The learned surrogate who signed the order appealed from was of the opinion that the judgment was entitled to priority of payment as an expense of administration, and made the order upon that theory. A precedent for his action is to be found in Matter of Mahoney, 37 Misc. Rep. 472, 75 N. Y. Supp. 1056, in which the surrogate of Sullivan county made a similar order under like circumstances, which he supported by a well-reasoned opinion. It is interesting to note that the Appellate Division in the Third Department subsequently affirmed an order designed to compel obedience to the order above referred to. Matter of Mahoney, 88 App. Div. 140, 84 N. Y. Supp. 329. Apart, however, from this precedent, we think that the order appealed from is justified in principle by Columbian Insurance Co. v. Stevens, 37 N. Y. 536. In that case an action had been begun by the insurance company before the appointment of the receivers, who, on their appointment, assumed and carried on its prosecution. The action resulted in a judgment for defendant for costs, and a motion was made to compel the receivers to pay the judgment out of the funds in their hands. The Court of Appeals held that the motion should be granted, saying:

"The receiver is pro hac vice the representative of the company, its creditors and stockholders. The action is prosecuted for the increase of a fund which is to be paid to them. It is not according to any rule of justice or equity toward third parties that actions like the present should be prosecuted by the company or such representatives, otherwise than at the expense and risk of the fund which it is sought thereby to increase."

The court quoted with approbation a similar decision of Chancellor Walworth in Camp v. Receiver of Niagara Bank, 2 Paige, 283. It was also held that it was immaterial whether the estate was solvent or insolvent so long as the receivers had in their hands funds sufficient to pay the costs. Indeed, in the case decided by Chancellor Walworth it affirmatively appeared that the estate was insolvent.

The principle underlying the cases last cited is applicable to the present case.

The Code requires that such a judgment be paid out of the estate, but is silent as to how it shall be paid. The reasonable and just rule is that applied by the surrogate.

Order affirmed, with $10 costs and disbursements. All concur.