(161 App. Div. 280)

## In re CARNEGIE TRUST CO.
### In re SECURITY BANK OF NEW YORK.

(Supreme Court, Appellate Division, First Department.    March 6, 1914.)

1. EXECUTORS AND ADMINISTRATORS (§ 263*)—CLAIMS—COSTS.

Costs against executors, administrators, assignees for the benefit of creditors, and receivers, are payable out of the estate and have priority over the claims of general creditors.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 975–1000; Dec. Dig. § 263.*]

2. BANKS AND BANKING (§ 317*)—REGULATIONS—STATE SUPERINTENDENT AS RECEIVER.

The State Superintendent of Banks taking possession of the assets and property of a trust company pursuant to Banking Laws (Consol. Laws, c. 2) § 19, for purposes of liquidation may sue and be sued in effect as a receiver.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. § 1222; Dec. Dig. § 317.*]

3. BANKS AND BANKING (§ 317*)—LIQUIDATION—CLAIMS—INTEREST ON COSTS.

Under Code Civ. Proc. § 3246, providing that, in any action by or against a trustee or a person authorized by statute to sue or be sued, costs may be awarded as in an action by or against a person suing or defending in his own right, a creditor of a trust company in liquidation by the State Superintendent of Banks as receiver was entitled to interest on costs from the date when the court directed the payment of a dividend on its judgments against such receiver.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. § 1222; Dec. Dig. § 317.*]

4. BANKS AND BANKING (§ 317*)—LIQUIDATION—CLAIMS—INTEREST ON DIVIDEND.

A creditor of a trust company in liquidation whose dividend was deferred by reason of an unsuccessful contest of the claim notwithstanding the allowance of interest in computing the amount of the judgment was entitled to interest on the dividend to put it on an equality with other creditors who had received their dividends and had the use of their money, and who had presumably been credited with interest in the computation of the amount of their claims; such interest being at the legal rate and not limited to the amount received by the creditor for the use of money in the meantime.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. § 1222: Dec. Dig. § 317.*]

5. CORPORATIONS (§ 568*)—INSOLVENCY—CLAIMS—INTEREST.

Creditors of an insolvent corporation as between themselves are only entitled to interest upon their claims to the date when the receiver took possession of the assets.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2288, 2289; Dec. Dig. § 568.*]

Appeal from Special Term, New York County.

In the matter of the Carnegie Trust Company, in liquidation. Application by Security Bank of New York for order directing Superintendent of Banks to pay interest on dividends due applicant. From the order the Carnegie Trust Company and George C. Van Tuyl, Jr., Superintendent of Banks, appeal. Order modified and affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Frank M. Patterson, of New York City (Frederick Mellor and Norman M. Behr, both of New York City, on the brief), for appellants.
Philip W. Russell, of New York City, for respondent.

LAUGHLIN, J. Pursuant to the provisions of section 19 of the Banking Law, appellant Van Tuyl, as Superintendent of Banks of the State of New York, took possession of the assets and property of the Carnegie Trust Company on the 7th day of January, 1911, and has ever since been in charge thereof liquidating the same. Thereafter and prior to the 15th day of April, 1911, the Nineteenth Ward Bank filed with him proof of two claims against the Carnegie Trust Company for $2,066, and $20,439.98 respectively, and demanded interest on the larger claim from the 14th day of July, 1910, to the date of filing, and on the smaller claim to the date of filing. He rejected both claims, and a special action was brought on each against the Carnegie Trust Company and said Van Tuyl as Superintendent of Banks. Judgment was recovered against both on the 28th day of December, 1911, for the amount of the large claim and interest to said 7th day of January, 1911. The action on the smaller claim was not tried; but pursuant to a stipulation between the attorneys for the respective parties, by which the claimant waived interest "from January 7, 1911," judgment was entered in favor of the claimant against the appellant on the 1st day of February, 1912, for the amount of the claim and interest to said 7th day of January, 1911. It thus appears that with respect to interest neither claim was established in full as filed. Counsel for appellant claims, therefore, that the respondent was not entitled to the order from which the appeal has been taken. The fact that the claims were not recovered in full might have justified withholding costs, but that matter has been foreclosed by the judgments and it has no bearing on the point now before the court. After the rejection of the two claims and on the 26th day of May, 1911, an order was entered in the "Matter of the Carnegie Trust Company, in Liquidation," which, among other things, directed the Superintendent of Banks to pay a dividend of 25 per cent. upon claims filed and allowed as general claims, and on the 1st day of June, 1911, the dividend was paid. After the entry of the judgments in favor of the Nineteenth Ward Bank, the Security Bank gave due notice of motion, returnable on the 13th day of February, 1912, for an order requiring the Carnegie Trust Company and the Superintendent of Banks to pay to it out of the funds of the Carnegie Trust Company 25 per cent. of the amounts recovered as damages in the two judgments, together with interest thereon from said 1st day of June, 1911, to the date of payment, and of the entire amount recovered as costs and disbursements in and by said judgments "and for such other and further relief as may be just and proper." On that motion the court on February 14, 1912, duly directed the payment of 25 per cent. of the amounts recovered as damages and gave the petitioner leave to submit answering memorandum and additional papers with respect to its demand for the payment of costs and interest. The dividend of 25 per cent. without interest was paid as authorized by said order. Thereafter and on the 28th day of

February, 1913, the court made the order from which this appeal has been taken, and in and by that order confirmed the intermediate order of February 13, 1912, and authorized and directed the Superintendent of Banks to pay to the Security Bank on or before March 6, 1913, out of the funds of the Carnegie Trust Company, interest at the rate of 6 per cent. from June 1, 1911, to February 14, 1912, upon the dividend paid and the costs and disbursements included in the two judgments, and interest thereon, respectively, from the dates of the entry of the respective judgments to the date of payment.

The learned counsel for the respondent claims, in support of the order, that the claims were rejected in the interests of the other creditors of the bank in liquidation, and that the Superintendent of Banks is a "trustee of an express trust, or a person expressly authorized by statute to sue or to be sued," within the provisions of section 3236 of the Code of Civil Procedure, and that therefore by virtue of the express provisions of said section the costs "are exclusively chargeable upon, and collectible from, the estate, fund, or person represented, unless the court directs them to be paid, by the party personally, for mismanagement or bad faith in the prosecution or defense of the action."

[1] It is well settled that costs against executors, administrators, assignees for the benefit of creditors, and receivers are payable out of the estate and have priority over the claims of general creditors. In re Albert Friedlander, Deceased, 145 N. Y. Supp. 678 (1st Dept. January 23, 1914); Cunningham v. McGregor, 12 How. Prac. 305; In re Randall's Estate (Sur.) 8 N. Y. Supp. 652; In re Mahoney's Estate, 37 Misc. Rep. 472, 75 N. Y. Supp. 1056; Camp v. Receivers of the Niagara Bank, 2 Paige, 283; Columbian Ins. Co. v. Stevens, 37 N. Y. 536; People v. John D. Locke Co., 42 Hun, 484.

[2, 3] The learned counsel for the appellants claims, on the authority of Lafayette Trust Co. v. Higginbotham, 136 App. Div. 747, 121 N. Y. Supp. 489, and in that connection draws attention to the concurring opinion of the writer in Richardson v. Cheney, 146 App. Div. 686, 131 N. Y. Supp. 594, that the Superintendent of Banks was not a necessary party to the actions, inasmuch as the trust company retained its corporate existence, and that therefore the provisions of said section 3246 of the Code of Civil Procedure are not applicable. It is further argued, in support of that contention, that this case is distinguishable from the authorities cited on the ground that here the costs were recovered against the trust company and became part of its indebtedness. It is also contended that the relation of the Superintendent of Banks to a state bank is analogous to that of the Comptroller of Currency to a national bank, in which case interest is not recoverable in the actions, and, it is claimed, costs are not given a preference. See Ocean Nat. Bank v. Carll, 7 Hun, 237; White v. Knox, 111 U. S. 784, 4 Sup. Ct. 686, 28 L. Ed. 603; Cook County Nat. Bank v. United States, 107 U. S. 445, 2 Sup. Ct. 561, 27 L. Ed. 537; Nat. Bank v. School District, 94 Fed. 705, 36 C. C. A. 432. The points presented by this appeal are not to be determined by federal statutes or decisions, but by the construction of the statutes of our own state; and the right of the Superintendent of Banks in such case to sue and to be sued, in effect

as a receiver, must now, I think, be deemed settled by controlling precedents. Van Tuyl v. Scharmann, 208 N. Y. 53, 101 N. E. 779; Matter of Union Bank, 204 N. Y. 313, 97 N. E. 737. See, also, Van Tuyl v. Robin, 145 N. Y. Supp. 121 (1st Dept. December 31, 1913).

It would seem therefore that said section 3246 of the Code of Civil Procedure is applicable, and under the authorities cited costs recovered by the Security Bank were entitled to payment as preferred claims. It follows logically, I think, that the Security Bank is entitled to interest on the costs, at least, from February 14, 1912, the date when the court directed the payment of the dividend. The notice of motion did not expressly demand interest on the costs, but the order directs payment of interest from the date of the recovery of the costs. The respondent, however, in its points claims interest only from the time the dividend was ordered paid.

[4, 5] The remaining question relates to the interest on the dividend. The judgments conclusively establish that the claims, as to the principal, were valid in toto. Therefore dividends should have been paid on them the same as on the claims allowed by the Superintendent of Banks. The rule seems to be well settled that, when the payment of a dividend is deferred "by reason of an unsuccessful contest of the claim, the creditor so delayed should be allowed interest on the dividend" in order to be put on an equality with other creditors who received the dividend and had the use of the money. People v. E. Remington & Sons, 59 Hun, 307, 12 N. Y. Supp. 829, affirmed 126 N. Y. 672, 28 N. E. 249; Chenango Valley Savings Bank v. Dunn, 40 App. Div. 552, 58 N. Y. Supp. 38; Armstrong v. American Exchange Nat. Bank, 133 U. S. 433, 10 Sup. Ct. 450, 33 L. Ed. 747; Malcomson v. Wappoo Mills (C. C.) 99 Fed. 633. The rule is, however, that the creditors of an insolvent corporation, as between themselves, are only entitled to interest on their claims to the date when the receiver took possession of the assets. People v. Merchants' Trust Co., 187 N. Y. 293, 79 N. E. 1004; Attorney General v. Nat. American Life Co., 89 N. Y. 94; People v. American Loan & Trust Co., 172 N. Y. 371, 65 N. E. 200; White v. Knox, supra. That is doubtless the theory upon which interest was recovered by the judgments only until the 7th day of January, 1911, and in the one case interest after that date was waived. That waiver should be deemed for the purposes of action only, and it is not a bar to any part of the claim made here.

It is contended by the learned counsel for the appellants that to require the payment of interest on the dividend is in effect giving the Security Bank interest upon the interest included in the judgments for damages, and that therefore the order requires the payment of compound interest. I think that contention is without force, for the reason that by the judgments with respect to damages the Security Bank was placed upon the same footing with other creditors, and presumably their dividends were based on the amounts of their claims with interest until the same date that the Security Bank was allowed interest by the judgments. Therefore the Security Bank was entitled to a dividend on the face of its claims with interest to the date on which the Superintendent of Banks took charge, and, under the rule stated, it is

now entitled to interest on the dividends from the date when it should have received them, and that interest should be at the legal rate and is not limited to the amount received by the appellants for the use of the money in the meantime.

It follows that the order should be modified by limiting the interest on the costs to the period from February 14, 1912, to the date of payment thereof, and as so modified affirmed, with $10 costs and disbursements to the respondent. All concur.