In the Matter of the Claim of IDA HOROWITZ for Legal Service Rendered to THE BANK OF UNITED STATES.

In re: Liquidation of THE BANK OF UNITED STATES.

JOSEPH A. BRODERICK, Superintendent of Banks of the State of New York, Appellant; IDA HOROWITZ, Respondent.

First Department, April 15, 1932.

*Leo C. Fennelly* of counsel [*Arthur Ofner* and *Warren C. Fielding* with him on the brief; *Carl J. Austrian*, attorney], for the appellant.

*Ida Horowitz*, respondent in person.

McAvoy, J. Claimant demands compensation for legal services rendered to The Bank of United States in connection with the adjustment of the judgment of Bank of United States v. Ansen, a five-year old judgment, wherein claimant alleges she was deprived of her fee by The Bank of United States.

The Superintendent of Banks took possession of The Bank of United States pursuant to section 57 of the Banking Law (as amd. by Laws of 1930, chaps. 664, 678█ on December 11, 1930.

Under the authority of section 72 of the Banking Law, the Superintendent specified May 5 to June 29, 1931, as the period for presenting claims against the bank, designating June 29, 1931, as the last day on which claims could be filed. Notice to this effect was mailed to all persons whose names appeared as creditors on the books of the bank.

Prior to the expiration of the time fixed for the filing of claims, the notice to file claims was published for several days each week, 339 times, in 39 different newspapers in the city of New York, over a period of approximately two months, although section 72 of the Banking Law only requires that it be published weekly, for three consecutive weeks.

On August 14, 1931, Ida Horowitz, the claimant, submitted a claim to the Superintendent of Banks, which was returned to her on the ground that it was filed after the last day fixed by the Superintendent for the filing of claims.

On September 3, 1931, the claimant made a motion to compel the Superintendent of Banks to accept her claim. This motion was denied.

On October 13, 1931, the claimant again moved to compel the acceptance of her claim. Such motion was granted, and the order made, from which this appeal is taken.

Section 72 of the Banking Law, as amended by chapter 310 of the Laws of 1931, prescribes the method in which claims against a bank in possession of the Superintendent of Banks shall be filed.

The last sentence of the first paragraph of that section reads: " The Superintendent shall have no power to accept any claim presented after the date specified in such notice as the last day for presenting claims."

The whole legislative scheme contained in sections 72 to 78 of the Banking Law, as amended, forms part of a comprehensive and exclusive plan for the liquidation of banks.

We think there is no power lodged in the Supreme Court to compel the Superintendent of Banks to receive a claim after the expiration of the time fixed by him for the filing of claims pursuant to the provisions of the Banking Law.

As the Legislature, under section 72 of the Banking Law, has removed the power of the Superintendent of Banks to accept any claims filed after the time fixed by him for the filing of claims has expired, the court has no power to confer upon the Superintendent a power which the Legislature has expressly taken away. The liquidation of banks under the Superintendent of Banks is not a judicial function but an administrative power conferred by the Legislature and the Supreme Court has no inherent power to ameliorate the rigor of the provision of such statutory directions as are prescribed for the administrator.

The order should be reversed, with ten dollars costs and disbursements, and the motion denied.

FINCH, P. J., MERRELL, MARTIN and SHERMAN, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied.