In the Matter of THE STATE BANK OF CANASTOTA, N. Y., in
Liquidation.

JOSEPH A. BRODERICK, as Superintendent of Banks of the State of
New York, in Charge of the Liquidation of the State Bank of
Canastota, N. Y., Appellant; GEORGE B. RUSSELL, Respondent.

Third Department, March 22, 1933.

40

*R. R. Calli,* for the appellant.

*George B. Russell,* in person, for the respondent.

*Carl J. Austrian [Arthur Ofner, Warren C. Fielding, Leo C. Fennelly* and *Carl I. Blau* of counsel], *amicus curiæ.*

McNAMEE, J. It does not appear from the record on appeal that depositor Russell ever presented, filed or proved a claim for the interest in question. The Banking Law directs that the liquidator " shall notify all persons who may have claims " against

the bank " to present the same to him and make proper proof thereof," within the time and at the place specified in the notice given by him. (Banking Law, § 72.) A mere statement to the liquidator that Russell was entitled to interest on the deposit in question, without other showing, cannot be held to be a compliance with the statute. And the same section contains an express prohibition, viz., that the Superintendent of Banks shall have " no power to accept " a claim made at a later time; and the court has no power to compel the Superintendent of Banks to accept a claim that has been filed, but filed too late. (*Matter of Horowitz*, 235 App. Div. 248.)

And had the depositor proved his claim as required by the statute, still he would not be entitled to the findings and order made by the Special Term. In any consideration of the special interest contract and the rule of law applicable to interest " accrued " prior to the time of closing the bank, it must be borne in mind that the bank is the mere creature of the State, and is allowed to conduct business only on the terms and in the circumstances prescribed by the State; and that the State reserves the right to intervene and exercise its sovereign power and close the bank at will. The depositor must be presumed to have contracted in the light of these fundamental rules. This power of the State is exercised for the benefit of all depositors and creditors alike, and, accordingly, depositor Russell of necessity has two sets of rights, one as against the funds of the bank and all other creditors when the State has intervened, and the other against the bank under his special contract when the other creditors have been satisfied. As between Russell and the other creditors, the bank did not default; but the State, for the good of all, terminated the operations of the bank. And in so far as the rights of other creditors are involved, Russell's claim to interest under his special contract became " fixed " when the bank was closed. If and when the claims of other creditors are satisfied as they then stood, he may claim an adjustment of his rights between himself and the bank. (*Matter of People* [ *Norske Lloyd Ins. Co.*], 249 N. Y. 139, 146–148; *People* v. *Merchants' Trust Co.*, 187 id. 293, 296–299; *People* v. *American Loan & Trust Co.*, 172 id. 371, 377–380; *People* v. *Globe Mutual Life Ins. Co.*, 91 id. 174, 178; *Matter of Carnegie Trust Co.*, 161 App. Div. 280, 285.)

The depositor was not entitled to withdraw interest on his deposit from October 1, 1930, on the day the bank closed, and would not become entitled to such interest until January first following. And again, he might not have become entitled to it even then, because he was at liberty to withdraw his fund before the next interest day, and the bank reserved the right to require

him to do so. Thus at most the depositor had only a contingent right to interest when the bank closed, and the conditions could not be fulfilled until the next interest day. He could not file a claim for contingent interest, no matter how probable the contingency. (*People* v. *Metropolitan Surety Co.*, 205 N. Y. 135, 139.)

The order of the Special Term should be reversed, the findings of fact reversed, and the claim of petitioner Russell should be disallowed, with costs.

CRAPSER and BLISS, JJ., concur; RHODES, J., concurs in the result; HILL, P. J., dissents with an opinion.

HILL, P. J. (dissenting). Interest should be allowed to respondent until the day the Superintendent of Banks took possession. (*Matter of Carnegie Trust Co.*, 161 App. Div. 280; *People* v. *American Loan & Trust Co.*, 172 N. Y. 371.) The argument now made by appellant's attorney that respondent, by the form of his claim, waived interest after October first seems an afterthought. Such issue was not presented or litigated before the Special Term. This attorney in his affidavit presented on the hearing stated the issue to be, " That claim in this action is made by George B. Russell for interest on the amount $10,101.01 from October 1, 1930, to and including December 18, 1930, at the rate of 4% per annum and that the amount of such interest be considered as a general claim and to be paid as such." That issue was litigated, it being contended that, under the contract between this depositor and the bank, as a matter of law he was not entitled to receive interest on his interest account deposit between the day when interest was last " credited " by the bank and that upon which the Superintendent took over the bank for liquidation. This was decided. Nothing indicates that a question of jurisdiction was raised. Doubtless this may be done belatedly. Statutory jurisdiction exists. (Banking Law, § 78.) " Such dividends shall be paid to such persons, in such amounts, and upon such notice, as the Supreme Court in the judicial district in which the principal office of such corporation * * * is located, may by order direct." And, doubtless, if no statute existed, the court could interfere to protect the rights of creditors if the Superintendent of Banks acted arbitrarily, negligently or illegally. (*Matter of Egan*, 258 N. Y. 334, 342.)

I favor an affirmance of the order and decision.

Order reversed on the law and facts, and petition dismissed, with costs. The first finding of fact, not numbered, and findings of fact numbered 2 and 3, are reversed.