■ ISAAC D. MALEH, Respondent, v FEDERAL DEPOSIT INSURANCE CORPORATION, Appellant.—Order, Supreme Court, New York County, entered December 6, 1977, denying motion of defendant-appellant Federal Deposit Insurance Corporation for summary judgment dismissing the complaint, reversed, on the law, the motion granted, and the complaint dismissed, with costs. Plaintiff-respondent claimant sues defendant-appellant receiver designated under section 634 of the Banking Law by the New York State Superintendent of Banks in possession of the assets of American Bank and Trust Company (Banking Law, § 606). The relief sought is modification of the latter's records to reflect a credit of $64,000 to plaintiff. The difficulty with plaintiff's position is that, without question, plaintiff filed his claim 75 days later than the date limited by the receiver's notice (Banking Law, § 620) to all creditors of American, including plaintiff. The Special Term had, because the sheer volume of claims filed placed on the receiver the impossible task of resolution of all claims within the appointed time of 80 days, extended the receiver's time for such processing; the purpose of the extension was to preserve rights of claimants *who had timely filed* to take protective action should rejection of any claim be belated. The same court, on the basis of "equity", granted permission to plaintiff to file a claim belatedly. We perceive no equity in this reasoning; the extension of time to plaintiff to file belatedly bore no logical relation to the protective relief which had been given for the benefit of those who had filed timely. The statute (Banking Law, § 620) denies the superintendent authority to extend the filing time. "As the Legislature, under section 72 [the present § 620] of the Banking Law, has removed the power of the Superintendent of Banks to accept any claims filed after the time fixed by him for the filing of claims has expired, the court has no power to confer upon the Superintendent a power which the Legislature has expressly taken away. The liquidation of banks under the Superintendent of Banks is not a judicial function but an administrative power conferred by the Legislature and the Supreme Court has no inherent power to ameliorate the rigor of the provision of such statutory directions as are prescribed for the administrator." *(Matter of Horowitz,* 235 App Div 248, 250.) Further, "the timely presentation and proof of claims is a condition precedent, not a statute of limitations [;] the further provision that the Superintendent shall have no power to accept any claim after the date specified operates as a prohibition." *(Carr v Yokohama Speci Bank,* 272 App Div 64, 67.) Accordingly, summary judgment dismissing the complaint should have been granted. (See *Schwarz v Broderick,* 269 NY 610; *Matter of Bank of U. S.,* 269 NY 578.) Concur—Birns, J. P., Fein, Sullivan, Markewich and Silverman, JJ.