Francis R. Upton, Respondent, *v.* Electric Construction and Supply Company, Defendant.

Michael O'Leary, Respondent, *v.* Same.

William O. Gantz, Respondent, *v.* Same.

Edgar W. Youmans, Jr., Respondent, *v.* Same.

Charles Klause, Respondent, *v.* Same.

The Fort Wayne Electric Corporation, Respondent, *v.* Same.

Charles Wendt, Respondent, *v.* Same.

William J. Hammer and Others, as Assignees, etc., of Francis R. Upton, Respondent, *v.* Same.

Thad. T. Grover and Chauncey G. Parker, as Receivers of the Electric Construction and Supply Company, Appellants.

*Attachment, when vacated — chap. 418 of 1892 compels the plaintiff, not the defendant, to pay the sheriff's fees — fees not adjusted until the lien is established by judgment.*

Chapter 418 of the Laws of 1892, which provides that where a warrant of attachment is vacated, set aside or discharged by order of the court, the sheriff is entitled to poundage upon the value of the property attached and such additional compensation for his trouble and expense in taking possession of and in preserving the property as the judge issuing the warrant allows, preserves the sheriff's right to fees in cases where he has made a levy under an attachment, whether the same be subsequently vacated or not, but where an attachment is so vacated the plaintiff, at whose instance the attachment was issued, and not the defendant, is liable for the sheriff's fees.

On February 14, 15 and 16, 1895, warrants of attachment were granted against the property of the Electric Construction and Supply Company and issued to the sheriff of the county of New York, under which attachments the sheriff claimed to have levied upon its property.

On February 15, 1895, receivers of the property of such corporation were appointed in the State of New Jersey and in the State of New York, and on the next day they qualified by giving the required bonds.

In April, 1895, such receivers obtained an order directing the sheriff to turn over the attached property to them, which motion was granted, the order directing that the receivers should sell the property so attached, and that the proceeds of such sale should be subject to the lien of the attachments and of the sheriff.

Subsequently two of the attachments were vacated, and on July 1, 1895, the sheriff made a motion to have his fees and disbursements adjusted and allowed by the court. The receivers opposed the motion on the ground, among others,

that there never had been a valid levy, and that the sheriff was not entitled to any fees or disbursements.

Upon an appeal from the order granting such motion,

*Held,* that as the right of the sheriff to his fees necessarily depended upon the validity of the process under which he acted, the motion should not have been entertained;

That the sheriff should be compelled to wait until a determination was reached as to the validity of the respective liens which he claimed against the fund, which liens, when adjusted, could also include an adjustment of the amount of fees to which the sheriff was entitled.

APPEAL by Thad. T. Grover and another, as. receivers of the Electric Construction and Supply Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 16th day of July, 1895, taxing the sheriff's fees and expenses upon certain levies of attachments in the above-entitled actions, and directing the said receivers to pay the same to the sheriff, as such order was resettled by an order entered in said clerk's office on the 7th day of August, 1895, and also from said order resettling the same.

*Henry B. Gayley,* for the appellants.

*William F. Goldbeck,* for Upton, first attaching creditor, respondent.

*Charles F. Wells,* for the sheriff, respondent.

O'BRIEN, J.:

On February 14, 15 and 16, 1895, warrants of attachment were granted against the property of the defendant company and issued to the sheriff, under which the latter claims to have levied upon its property.   On February fifteenth receivers of the property of the company were appointed, both in the State of New Jersey and in this State, and on the sixteenth qualified by giving their bonds.   In April the receivers moved for an order directing the sheriff to turn over the attached property to them, which was granted, the order directing that the receivers should sell the property, providing, however, that the proceeds of such sale should be subject to the lien of the attachments and of the sheriff.   Subsequently two of these attachments were vacated, and thereafter, and on July first, the sheriff made a motion to have his fees and disbursements adjusted

and allowed by the court. The receivers opposed the motion on the ground that, never having made a valid levy, and never having made a levy of any kind until after the appointment of the receivers, the sheriff was not entitled to any fees or disbursements; and on the further ground that, though levies were made, the amount claimed by the sheriff was excessive.

With respect to the plaintiff's action in which the first attachment was issued, and under which the levy was claimed to have been made, no motion to vacate or set aside such attachment was made, although an answer was served and the action is now pending. Just what was done by the sheriff upon receiving the first attachments on the fourteenth of February towards making a levy is placed in doubt by the affidavits presented on the part of the receivers, tending to negative the claim advanced that the sheriff on that day took possession of or made any levy upon the property of the defendant.

The questions now presented on conflicting affidavits as to the validity of the attachments and of the levies made thereunder, and as to the validity of the claims upon which the attachments were based, were raised upon the motion made by the receivers to compel the sheriff to turn over the property to them, and on the granting of such motion it was directed that the proceeds should be held until a determination was made of such questions. This being the disposition made by the court, on which an order was entered and no appeal taken, we think that the present application made by the sheriff to tax his fees and expenses upon the attachments in these various actions is premature. The effect of now considering such questions would be to determine upon a collateral motion the validity of the attachments and the levies thereunder. This collateral attack is made upon a motion to which the attaching creditors were not originally parties, and was made by the sheriff alone upon notice to the receivers, although, on knowledge being brought to such creditors that such motion was pending, they intervened and have been heard upon the questions involved.

The only justification for the motion at this time is to be found in the position taken by the sheriff, that, irrespective of the justice of the claims which are the basis of the attachments, or the validity of the attachments themselves, and irrespective of whether they are vacated or allowed to stand, he is entitled to his fees and

disbursements. Part of this contention is based upon chapter 418 of the Laws of 1892, which, among other things, provides that where the warrant of attachment is vacated, set aside or discharged by order of the court, the sheriff is entitled to poundage upon the value of the property attached and such additional compensation for his trouble and expenses in taking possession and in preserving the property as the judge issuing the warrant allows. We do not think it was the intention of the Legislature to compel a defendant who succeeds in vacating an attachment to pay poundage to the sheriff upon the amount specified in the attachment, but justice would seemingly require that where so vacated, the plaintiff, at whose instance the attachment was issued, should be liable for the sheriff's fees. In other words, it was no doubt by this act intended to preserve the sheriff's right to fees in cases where he had made a levy under an attachment, whether the same was subsequently vacated or not; but there is nothing in the express wording of the act, nor is it susceptible of an interpretation so unjust as, to compel one whose property has been illegally attached, and who has succeeded in having the attachment vacated, to pay the sheriff's fees for wrongfully seizing upon his property.

Among the attachments issued, two have been already vacated, and the validity of the others, where, as here, they are brought in question, can only be determined when the same are confirmed by judgments. Having in mind the terms of the order under which the property was turned over to the receivers, subject to the liens of the various creditors, including the sheriff, it would hardly be claimed that any of the other creditors would have the right to move to compel the receivers to pay their respective claims until they had established the same by judgments. And as the right of the sheriff to his fees necessarily must depend upon the validity of the process under which he acted, we fail to see how he is in any better position or entitled to any superior rights as against the receivers than the parties at whose instance he acted. When in a proper proceeding, pursuant to the terms of the former order, it shall be determined just what liens were created as against the property turned over by the sheriff to the receivers, then, and not till then, can it be determined what fees the sheriff should receive. This was

practically the disposition made by the court in the order turning over the property to the receivers, as will be seen not only from the order, but from the statement we have made of its provisions.

Our conclusion, therefore, is that the court should not have entertained the motion, but should have denied it, leaving the sheriff to wait, as all the other creditors are obliged to wait, until a determination is reached as to the validity of the respective liens which are claimed as against the fund, which determination, when such liens are adjusted, can include an adjustment also of the amount of fees to which the sheriff is entitled.

We think the order should be reversed, with ten dollars costs and disbursements, and the motion to tax the fees, because premature, denied, without costs. Ordered accordingly.

Van Brunt, P. J., and Parker, J., concurred.

Order reversed, with ten dollars costs and disbursements; motion denied, without costs.