(20 App. Div. 51.)

DUFFY v. BURTON.

(Supreme Court, Appellate Division, Second Department. July 13, 1897.)

SHERIFF—FEES IN ATTACHMENT.
    When an attachment has been settled, and the sheriff directed by the
    plaintiff or his attorney to release the levy, the plaintiff or his attorney be-
    comes liable, by operation of law, for the fees of the sheriff, who cannot,
    in the absence of collusion, or irresponsibility of the plaintiff, continue the
    action for such fees.

Appeal from special term, Westchester county.

Action by John Duffy against Isabella Burton. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Robert McC. Robinson, for appellant.

William Romer, for respondent.

HATCH, J. The material facts of this case are without dispute. The defendant was an attaching creditor of the D. G. Burton Company. At about the same time some 21 other attachments by different parties were issued, and levies made by the sheriff thereunder. After the levy of all the attachments, the defendant, by arrangement with the attaching creditors, became substituted to all their interest therein; and her attorney became the attorney of record therein, and represented the defendant in connection therewith. Subsequently, by negotiation, the attachments were settled, and the attorney for the defendant directed the sheriff to release the levies thereunder, and discontinued the actions. The effect of this arrangement was to render the party or her attorney liable to the sheriff for his fees in connection with the actions, and they could not thereafter be continued by the sheriff for the enforcement of his fees, in the absence of collusion between the parties, and the irresponsibility of plaintiff or her attorney. Jackson v. Anderson, 4 Wend. 474; Crock. Sher. § 1162. It is without dispute that the defendant was the party in interest in connection with all the actions in which the fees arise for which the sheriff seeks to recover in this action, and consequently upon their discontinuance by her direction her liability to pay the fees became fixed. Such liability does not rest upon an agreement to pay. It is created by operation of law. The amount of the fees having been settled by a formal order, upon an appeal to the appellate division, taken for that purpose, such sum is conclusive upon the defendant. The testimony of McC. Robinson was improperly received, as it did not appear that he possessed any authority to bind the defendant, and was not authorized to speak for her. But this error was harmless, for upon the undisputed facts the plaintiff was entitled to recover.

The judgment should be affirmed, with costs. All concur.