CECIL FRENCH, Respondent, *v.* BANKVEREIN SUISSE, a Corporation, Appellant.

First Department May 18, 1917.

**Sheriff — poundage — settlement of action without consideration.**

Where a plaintiff discontinued an action without a consideration of any nature upon the admission that he had no cause of action and desired to withdraw the action brought, the sheriff holding property of the defendant under an attachment is not entitled, prior to Laws of 1917, chapter 265, to poundage or to retain the property until the same is paid.

Although there has been a " settlement " of the action, there has been no sum paid upon which poundage can be reckoned, and, hence, no right of poundage under the terms of the statute, which is the sole source of the sheriff's right.

LAUGHLIN, J., dissented, with opinion.

APPEAL by the defendant, Bankverein Suisse, from so much of an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 13th day of April, 1917, as authorizes the sheriff to retain property of the defendant which he had attached, until his poundage has been paid.

The order further discontinued the action and discharged the attachment.

*Henry Escher, Jr.,* for the appellant.

*A. S. Gilbert* [*Godfrey Cohen* with him on the brief], for the respondent Max S. Grifenhagen, formerly sheriff, etc.

SHEARN, J.:

The order appealed from involves the right of the sheriff of New York county to retain property attached until poundage is paid, where the attachment was vacated on consent, the stipulation reciting " that the plaintiff has no cause of action against the defendant under the facts set forth in the complaint or otherwise and that he desires to withdraw the action brought." It is undisputed " that no consideration of any sort passed from the defendant to the plaintiff, directly or indirectly, in consideration of the discontinuance of this action or the making of this stipulation."

This is not, therefore, a case where the attachment was vacated by the court because it was invalid or unwarranted; neither is it a case where the attachment was discharged by the defendant. The court correctly held that this was a case of a settlement, and the statute then in effect — prior to Laws of 1917, chapter 265 — provided (Laws of 1915, chap. 565, amdg. Laws of 1890, chap. 523, § 17): " If the action is settled, either before or after judgment, the sheriff is entitled to poundage, upon the value of the property attached, not exceeding the sum at which the settlement is made." The right of a sheriff to his fees is purely statutory. (*Campbell* v. *Cothran*, 56 N. Y. 279.) The difficulty of the sheriff in this case is that there is no basis upon which poundage can be reckoned because no sum was paid in settlement. Ordinarily, there is some consideration for the settlement of an action, either direct or indirect, and where a case afforded an indication that, despite the recitals in the stipulation, there was some concealed consideration, the courts would go far in assisting the sheriff to disclose the facts. But where it is unchallenged that not only was there no consideration for the settlement, but that there was no basis for instituting the action, it would violate the fundamental law to require the defendant to pay the sheriff for having seized and held his property against the will of the defendant and without any fault on the part of the defendant. (*Bowe* v. *United States Reflector Co.*, 36 Hun, 407.)

It follows that the order so far as appealed from authorizing the sheriff to retain the property of the defendant was unwarranted and must be reversed, with ten dollars costs and disbursements to the defendant.

CLARKE, P. J., SCOTT and DAVIS, JJ., concurred; LAUGHLIN, J., dissented.

LAUGHLIN, J. (dissenting):

I am of opinion that the provisions of chapter 418 of the Laws of 1892 (amdg. Laws of 1890, chap. 523, § 17) and of section 3307 of the Code of Civil Procedure, as amended by chapter 565 of the Laws of 1915, providing that in case of a settlement of an action in which a warrant of attachment has been issued the sheriff's poundage shall be computed on

the value of the property, not exceeding the sum at which the settlement was made, are not applicable here, for there is no evidence that the action has been settled. Here, so far as appears, the warrant of attachment was valid and was issued upon due proof that the plaintiff had a cause of action against the defendant and was entitled to the writ. Without the trial of the issues or any settlement of the cause of action by payment in full or in part we have merely a stipulation between the attorneys for a discontinuance of the action and that the warrant of attachment be vacated, with no provision for the payment of the sheriff's fees and poundage. On that stipulation defendant applied at Special Term for a discontinuance of the action and to have the attachment vacated.

If there were an adjudication either on a motion to vacate the attachment or by final judgment or otherwise that the plaintiff had no cause of action or was not entitled to the warrant of attachment then, of course, the sheriff would have no lien on the property attached for his fees and poundage (*Lawlor* v. *Magnolia Metal Co.*, 2 App. Div. 552; appeal dismissed in 149 N. Y. 591); but without such an adjudication or competent proof — which the plaintiff's stipulation that he has no cause of action is not — that the warrant of attachment was not authorized, the sheriff, I think, has a lien upon the property thus lawfully attached and may hold it until his fees and poundage are paid. (Laws of 1892, chap. 418, amdg. Laws of 1890, chap. 523, § 17; *Treadwell & Co.* v. *Mead Mfg. Co.*, 75 App. Div. 478; *Jones* v. *Gould*, 114 id. 120.)

The statute cited authorizes the court, on vacating a warrant of attachment, to make an order requiring the party liable for the sheriff's fees and poundage to pay the same. The parties having failed to make provision by their stipulation for the sheriff's fees and poundage, doubtless the defendant might have had the court determine that the plaintiff, who obtained the writ, was liable for such fees and poundage. (*Tribune Assn.* v. *Eisner & Mendelson Co.*, 49 App. Div. 141; *Esselstyn* v. *Union Surety & Guaranty Co.*, 82 id. 474, distinguishing on this point *Treadwell & Co.* v. *Mead Mfg. Co.*, supra; *Plummer* v. *International Power Co.*, 88 App. Div. 452.) I think there can be no doubt but that the court has authority

to adjudicate summarily with respect to the liability of the *plaintiff*, who invoked its jurisdiction and at whose instance the warrant of attachment was levied, for the sheriff's fees and poundage; but there would appear to be some doubt with respect to the jurisdiction so summarily to determine the liability of the *defendant* therefor. (See *Jones* v. *Gould*, 119 App. Div. 817; *Treadwell & Co.* v. *Mead Mfg. Co., supra.*) The court, however, could not determine that plaintiff was so liable and order him to pay the sheriff without notice of the application for such relief, and that was not given and, therefore, the court on the motion here made by defendant could not have made an order determining the plaintiff's liability for the sheriff's fees and poundage.

The order, therefore, accords to the defendant all the relief to which it was entitled, namely, that the action be discontinued, and, in effect, that the attachment be vacated and the property surrendered to the defendant upon payment to the sheriff of his poundage computed on the value of the property; but that until such payment the sheriff still presumptively has a lien upon the property for his poundage.

I, therefore, vote for affirmance.

Order reversed, with ten dollars costs and disbursements.