William I. T. Fosdick, Respondent, *v.* Globe Indemnity Company, Appellant.

First Department, December 5, 1919.

Costs — appeals from City Court to Appellate Term from order and judgment — when costs matter of right, when discretionary — disbursements — fees paid to sheriff to free goods of levy of execution — stay of proceedings — contempt by issuing execution.

Where the City Court of New York granted an order for judgment on the pleadings from which the defendant appealed to the Appellate Term and after the plaintiff had entered judgment and issued execution the defendant also appealed from the final judgment so that two appeals were pending, and the Appellate Term reversed both the order and the judgment, with costs and disbursements to the defendant, the latter was entitled to costs of the appeal from the judgment as a matter of right while the allowance of costs on the appeal from the order was discretionary and

the granting of the latter costs did not limit the right to costs on the appeal from the judgment.

The defendant was entitled to tax disbursements made to the sheriff for fees upon execution which were necessarily paid in order to free the defendant's goods from the levy and to rid the premises of the presence of the sheriff's officers.

Where after the service of the notices of appeal the Appellate Term stayed all proceedings upon the part of the plaintiff toward the enforcement of the order for judgment until the hearing and determination of the appeal therefrom, it was a contempt for the plaintiff to issue execution, but the Appellate Division can take no action on the contempt where it is not brought before it by the defendants, except to express its disapproval of the attorney's conduct.

APPEAL by the defendant, Globe Indemnity Company, from an order and determination of the Appellate Term of the Supreme Court, entered in the office of the clerk of the county of New York on the 29th day of April, 1919, affirming an order of the City Court of the City of New York entered on the 23d day of December, 1918, denying defendant's motion for a retaxation of costs.

*Carroll G. Walter,* for the appellant.

———— ————, for the respondent.

PAGE, J.:

On July 19, 1918, the City Court granted an order on plaintiff's motion for judgment on the pleadings. The defendant served a notice of appeal therefrom on July 20, 1918. On July twentieth the plaintiff caused to be entered a final judgment for the relief demanded in the complaint and on October 10, 1918, issued execution to the sheriff and the sheriff put a keeper in possession of the defendant's premises. Thereafter the defendant appealed from this judgment. A motion was made in the Appellate Term to dismiss the appeal from the order, on the ground that the same had been taken after final judgment was entered and should have been brought up for review on the appeal from the final judgment. This motion was denied. Thus it appears that there were two appeals pending in the Appellate Term, one from the order and the other from the judgment. Thereafter, the Appellate Term entered the following order: " Ordered that

the order and judgment so appealed from be and the same are hereby reversed, with $10 costs and disbursements and motion denied with $10 costs, with leave to plaintiff to serve an amended complaint within six days after service of a copy of this order with notice of entry thereof in the Court below upon payment of costs in this Court and in the City Court."

On December 18, 1918, the defendant proceeded to tax its costs under said order. The clerk disallowed the following items: " Appeal to Appellate Term from final judgment: Before argument, $20.00; For argument, $40.00; Sheriff's fees on execution, $96.17."

The appellant was entitled to the costs of the appeal from the final judgment as of right. It did not rest in the discretion of the court to allow or disallow them. The allowance of costs on the appeal from the order was discretionary. The allowance of ten dollars costs and disbursements on that appeal cannot be held to be a limitation on the right to costs upon the appeal from the judgment. The disbursement made by the defendant to the sheriff for his fees upon execution should have been allowed. Section 3256 of the Code of Civil Procedure provides that " A party to whom costs are awarded in an action is entitled to include in his bill of costs his necessary disbursements as follows: The legal fees of witnesses and of referees and other officers * * *." The sheriff made his levy under a valid execution. By the reversal of the judgment the execution was vacated; nevertheless, under section 3307, subdivision 23, the sheriff was entitled to his poundage. The only doubt would be as to the person liable to pay it. The defendant, in order to get the sheriff's keepers out of its place of business, was compelled to pay. The most that the plaintiff could claim was that he and not the defendant should have paid it. There could be no question but that it was a legal charge by the sheriff. Under those circumstances the defendant should be entitled to tax the same as a part of its bill of costs and thus be reimbursed. This would dispose of the matter. We feel, however, that the conduct of the plaintiff's attorney calls for comment. As we have seen, there appeared to be some confusion arising out of the appeal from the order as well as the judgment. After the entry of judgment and after service of both notices of appeal

the Appellate Term granted an order that all proceedings upon the plaintiff's part toward the enforcement of the order for judgment be stayed until the hearing and determination of the appeal from said order. It may be that the language used was unfortunate. The intent and purpose of the order of the Appellate Term was clear, and the plaintiff's attorney could not intelligently misunderstand it. It was to preserve the *status quo* until the hearing and determination of the appeal. The order appealed from was for judgment. The issuing of an execution subsequent to the granting of the stay was an attempt to enforce the order and clearly violated the stay. The issuing of the execution was an attempt to impair, impede or prejudice a right or remedy of the defendant whereby it was damaged. (See Judiciary Law, § 753 *et seq.*) There is no proceeding before us based upon this contempt of the orders of the court; therefore, no action can be taken by us except to express our disapproval of the attorney's action.

The determination of the Appellate Term and the order of the City Court are reversed, with ten dollars costs and disbursements, and the motion for a retaxation of costs granted.

CLARKE, P. J., DOWLING, SMITH and PHILBIN, JJ., concurred.

Determination reversed, with ten dollars costs and disbursements of this appeal, the order of the City Court reversed and the motion for retaxation of costs granted.