FRANK GENOVESE, Appellant, *v.* BENJAMIN HORN, Respondent.

(Supreme Court, Appellate Term, Second Department, July, 1921.)

Conversion — sheriff or marshal executing warrant of attachment liable in conversion for seizing property of a person not designated in the warrant and has no lien for his fees.

> A sheriff or marshal executing a warrant of attachment against the property of a designated person has no right to seize the property of any other person, and if he does, he is liable in conversion and has no lien upon the property for his fees and expenses under the warrant of attachment, as against the rightful owner of the property.

> Where upon the trial of an action in conversion it was conceded that the property in question belonged to plaintiff and that defendant had refused to deliver it to plaintiff on demand unless his fees and expenses as marshal were paid, a judgment dismissing the complaint will be reversed and judgment directed in favor of the plaintiff for the conceded value of the property.

APPEAL from a judgment of the Municipal Court of the city of New York, borough of Brooklyn, fifth district, dismissing plaintiff's complaint without prejudice.

Francis M. Testa, for appellant.

Isador Weckstein, for respondent.

CROPSEY, J. The action is in conversion. The defendant is a city marshal of the city of New York. In an action entitled *Perna* v. *Buffa,* a warrant of attachment was issued requiring the marshal to attach the property of Buffa. This was delivered to the defendant for execution. Claiming to act under this warrant he seized certain property which this plaintiff asserted belonged to him. This plaintiff then gave

a bond as provided in section 50 of the Municipal Court Code and demanded the return of his property from the defendant. The latter refused to give it up. Later an order was made by a justice of the court below directing the defendant to deliver to the plaintiff the property taken from him under the warrant of attachment. The defendant refused to comply with this order and claimed the right to hold the goods until his fees were paid. Then this action was brought. In defense to this defendant claims he has a lien on the goods for his fees under the warrant of attachment. Upon the trial it was conceded that the property in question belonged to the plaintiff and that it was worth $500, and that the defendant had refused to deliver it unless his fees and expenses were paid.

The sole question presented is whether the defendant has the right to retain the goods for the payment of his fees. A sheriff or marshal executing a warrant of attachment against the property of a designated person has no right to seize the property of any other person. And if he does so he acts at his own risk. The warrant does not protect him, for it does not authorize such a seizure, and the taking makes him liable in conversion. *McAllaster* v. *Bailey,* 127 N. Y. 583; *People ex rel. Comstock* v. *Lucas,* 93 id. 585, 588; *Rogers* v. *Weir,* 34 id. 463. The original taking of the property being wrongful, the subsequent withholding of it cannot be rightful. The defendant was liable in conversion the instant he took the plaintiff's property, and he obtained no lien upon it for his fees.

A marshal or a sheriff has no right to fees except as it is given by statute. *French* v. *Bankverein Suisse,* 179 App. Div. 371. No such provision has been found applicable to the situation here presented. Section 178 of the Municipal Court Code fixes the sums

allowed to marshals as fees, but nothing therein gives the defendant the right he asserts here. After specifying a number of services for which the marshal may receive fees, that section concludes: "The said marshals shall perform all other services required of them by law, without any fees or compensation, and no other fees, charges, or compensation shall be allowed to, demanded or charged by them."

Nor does section 50 of the same Code confer any such right. It provides that when a third party claims property seized under attachment and has given the bond required the marshal "must" return the property to the claimant. Section 709 of the Civil Code is relied on by defendant, but that has no application because it does not apply to Municipal Court actions and if it did it only covers the discharge or vacation of a warrant "*upon the application of the defendant.*" Section 658a of the Code of Civil Procedure does contain a provision requiring a claimant to pay the sheriff's fees before getting back his property which has been seized. But that section does not apply to actions in the Municipal Court. And if it did, it could be attacked as being unconstitutional. To require a person whose property has been wrongfully seized under an attachment against the property of another to pay the officer's fees on the attachment before being allowed to retake the property would be a violation of the constitutional provision against depriving a person of his property without due process of law. And so it has been held. *Bowe* v. *United States Reflector Co.,* 36 Hun, 407; *Lawlor* v. *Magnolia Metal Co.,* 2 App. Div. 552; appeal dismissed, 149 N. Y. 591; *Gadski-Tauscher* v. *Graff,* 44 Misc. Rep. 418, 420; *French* v. *Bankverein Suisse,* 179 App. Div. 371, 372. In the latter case Justice Shearn said (p. 372): " * * * it would violate the fundamental law to require the defendant to pay the sheriff for having

seized and held his property against the will of the defendant and without any fault upon the part of the defendant.''

Section 658a of the Code of Civil Procedure expressly provides that its provisions shall not be construed '' as affecting or impairing any other right or remedy which any person might otherwise have in respect to the property attached.'' There is no similar provision in section 50 of the Municipal Court Code. But notwithstanding, by proceeding under the latter section, the plaintiff did not make an election of remedies. That doctrine is applicable only when the remedies proceed upon irreconcilable claims of right. *Henry* v. *Herrington,* 193 N. Y. 218; *American Woolen Co.* v. *Samuelsohn,* 226 id. 61, 66; *Metropolitan Life Ins. Co.* v. *Childs Co.,* 230 id. 285, 291. Having failed to get his property under section 50 plaintiff could replevin it or sue for its value in conversion.

The cases relied on by the defendant (*Tribune Assn.* v. *Eisner & Mendelson Co.,* 49 App. Div. 141; *Jones* v. *Gould,* 114 id. 120) arose in the Supreme Court and were governed by the provisions of section 709 of the Civil Code or of a special statute applicable to sheriffs of New York county (Laws of 1890, chap. 523, amd. by Laws of 1892, chap. 418), and hence are not in point.

Defendant has no right to hold the plaintiff's property for the payment of his fees and expenses.

Therefore, the judgment must be reversed, with thirty dollars costs to appellant, and judgment directed in favor of the latter for $500, with appropriate costs in the court below.

KELBY and LAZANSKY, JJ., concur.

Judgment reversed.