ROSE SORGE, Plaintiff, *v.* ISAAC HONIGSBAUM and Another, Defendants.

MAX SORGE, Plaintiff, *v.* ISAAC HONIGSBAUM and Another, Defendants.

Supreme Court, Greene County, July 28, 1930.

*Charles J. Duncan*, for the sheriff of Greene county.

*Earl S. Jones* [*J. S. Carter* of counsel], for the defendants.

McNamee, J. Two judgments were entered in these actions in favor of the respective plaintiffs against the defendants. On June 5, 1930, the attorney for the defendants wrote the attorney for the plaintiffs asking for satisfactions and offering to pay the judgments in full. On the same day the attorney for the plaintiffs issued executions and delivered them to the sheriff. Plaintiffs' attorney handed the letter to the sheriff, who thereupon and in reply wrote the attorney for the defendants saying: " On receipt of your check for $6,365.59, I will return the executions satisfied in full. * * * and for each day the payment is held up you must add $1.05 interest." Defendants' attorney thereupon delivered to the sheriff a check for the full amount demanded and interest. The sheriff accepted the check, indorsed and deposited it in the bank to his own credit. Now the sheriff declines to return the executions fully satisfied, on the ground that he inadvertently failed to include in the amount demanded fees and expenses aggregating $214.53, to which he contends he is entitled under subdivision 7 of section 1558 of the Civil Practice Act.

Although the sheriff states that he made a levy, no act is described in his papers from which such an inference can be drawn. From all the papers it is clear that no levy was made by the sheriff on any property of the defendants. Hence there is no question here of a sheriff's fee or poundage after levy; and no decisions have been called to the attention of the court in which the question arising here has been passed upon. If the sheriff is justified in the attitude taken by him, such justification not only must be found in the subdivision above mentioned, but that provision must be so construed that, upon the receipt of an execution, the judgment debtor thereupon becomes substantially the debtor of the sheriff as well as of the judgment creditor. Evidently this is not so. The judgment debtor is not bound in law to pay or deliver anything to the sheriff voluntarily in a common-law action; and he never

becomes obligated for the fees or poundage of the sheriff until levy is made. The sheriff represents the interests of the judgment creditors, the plaintiffs in this action, and his services are rendered to them. Except there be an agreement otherwise he has no relations with the defendants; he is simply authorized, as a matter of law, to levy upon and sell the property of the judgment debtors to pay the judgment and his own statutory fees and expenses.

The sheriff is in the position of one contending that he is entitled to his fees from the defendants because the executions were placed in his hands for enforcement, not mindful of the fact that his fees arise from a performance of " the services specified " in the statute; and the defendants insist that the money paid to the sheriff was not collected by virtue of an execution, and quite apart therefrom. Neither of these positions can be considered wholly sound. So far as material here, subdivision 7 of section 1558 provides: " A sheriff is entitled for the services specified in this section to the following fees: * * * 7. For collecting money by virtue of an execution," etc. The method of collection is not detailed there. The only method by which a sheriff can force payment is by levy and sale, and this course was not pursued or attempted. The only other method by which collection could be effected is by voluntary payment by the judgment debtor and this course was followed, and could be followed only pursuant to agreement between the judgment debtor and the sheriff. This method of collection by sheriffs under judgments is an ancient one, and commonly practiced. There is no reason why a sheriff should not accept in payment of the judgments in question, if he so chose, the exact amount due thereon, or that sum plus the amount of his fees or any part of his fees, as might be agreed with the judgment debtor.

The sheriff offered to accept from the judgment debtors a check for the amount due on the judgments and return the executions fully satisfied. This amount was promptly and voluntarily paid in full. The agreement extended no further. The sheriff did not return or offer to return the check, but accepted and used it. The judgment debtors have voluntarily and fully met the terms agreed upon, and are entitled to have their judgments satisfied; and the sheriff should return the executions fully satisfied without delay in compliance with the conditions prescribed by him. The application is granted, with ten dollars costs.

An order may be entered accordingly.