SAMUEL KERN, Respondent, *v.* TORKEL LARSEN, Appellant.

Supreme Court, Appellate Term, First Department, July 14, 1931.

*Samuel Firestone,* for the appellant.

*Morris W. Vogel,* for the respondent.

PER CURIAM. In this replevin action the chattels, referred to as fixtures, were replevied by plaintiff. The facts are undisputed. When the marshal made his levy under the requisition defendant's attorney notified the marshal he intended to reclaim, that he would serve and file a bond that very day, and suggested that the marshal having levied should put his lock on the door so as to safeguard the property and within a few hours a reclaimer bond would be produced. The marshal refused to adopt the suggestion but proposed that defendant deposit $1,000 (being the value of the chattels as claimed in the complaint) in escrow with the marshal, and he would take the money in lieu of the chattels. Defendant's attorney acceded to the proposed arrangement and was ready and willing to put up the money, but the plaintiff's attorney said, " Nothing doing. Rip it all out." The marshal then started to obey the instructions of plaintiff's attorney; while he was at work defendant produced a surety company reclaimer bond, but the marshal refusing to stop unless he received an order of the court the removal was completed.

Two days later defendant's bond was approved and an order entered requiring the marshal to deliver the property to defendant " and that same be returned and restored to the said defendant in the same condition as when taken and at the place from where same were taken and the plaintiff herein pay the expenses thereof." On motion of plaintiff's attorney the order referred to was resettled by requiring the marshal to deliver the chattels to the defendant " upon payment of the legal fees and expenses of seizure."

Were it not for the unreasonable, if not oppressive, attitude of the plaintiff's attorney there would be no expenses of seizure in this case; but apart from the indefensible position taken by plaintiff's attorney in the matter it was error to direct the defendant to pay the marshal's fees and expenses in taking possession.

Section 178 of the Municipal Court Code (as amd. by Laws of 1926, chap. 841) provides for the cases in which a marshal is entitled to fees and the amount of fees in each instance, and at the end thereof it is provided: " The said marshals shall perform all other services required of them by law, and without any fees or compensation and no other fees, charges, or compensation shall be allowed to, demanded or charged by them." Section 67 provides that the provisions of law applicable to an action of replevin

in the Supreme Court, in so far as they concern the duties and liabilities of a sheriff, etc., shall apply to the Municipal Court so far as they can be made applicable thereto, and subject to like exception "all such provisions relating to a sheriff shall apply to a marshal, as prescribed in section 151 of this act." These provisions have no relation to fees, except that it is provided in section 1101 of the Civil Practice Act: "A sheriff who has replevied a chattel must retain it in his possession, keeping it in a secure place, until the person who is entitled to the possession thereof is ascertained, as prescribed in this article. He then must deliver it to that person, upon request and payment of his lawful fees, and necessary expenses for taking and keeping it, as taxed by a judge of the court, or the county judge of the county where the chattel was replevied, upon such a notice as the judge deems proper."

Manifestly this section only is applicable where there has been no reclamation of the chattel by defendant, for upon reclamation (Civ. Prac. Act, § 1105), after due allowance of the defendant's undertaking, "the sheriff immediately must deliver the chattel to the defendant."

In the case of a sheriff the Civil Practice Act, section 1558, subdivision 2, provides that in the counties embraced in the city of New York his fee for executing a replevy is five dollars "and, also, such additional compensation for his trouble and expenses in taking possession of and preserving the property * * * as the court or a judge thereof, allows; and the judge or court may make an order requiring the party liable therefor to pay the same to the sheriff."

The right of a sheriff or marshal to fees is purely statutory. Although section 1558, subdivision 18, provides that the party procuring an order discharging an attachment takes the property attached subject to the lien of the sheriff for poundage, there seems to be no provision requiring a reclaiming defendant in a replevin action to pay any fees or expenses of the sheriff except a dollar on the delivery of the reclamation bond. (Civ. Prac. Act, § 1558, subd. 12; *Genovese* v. *Horn*, 116 Misc. 126.)

Clearly the direction of the court below that the defendant pay the marshal's fees and expenses of seizure as a condition to the delivery of possession of the property was erroneous, for it would seem that even in the case of a sheriff such a direction would not be authorized.

Order modified by striking out the provision requiring defendant to pay the marshal's legal fees and expenses, and as modified affirmed, with ten dollars costs to appellant.

All concur; present, LEVY, CALLAHAN and PETERS, JJ.