ALBERT HOHAUSER, Plaintiff, *v.* MUNICIPAL CREDIT UNION, Defendant.

First Department, February 17, 1933.

*Isidore Lapan* of counsel [*Frederick E. Goldsmith* and *Louis E. Felix*, attorneys], for the plaintiff.

*Frank R. Rubel*, for the defendant.

SHERMAN, J.   Although the submission of this controversy by means of an agreed statement of facts is somewhat meagre and vague, we have concluded in view of the importance of the law question presented, which it is desirable should be settled, to take jurisdiction of the controversy.

Plaintiff is a city marshal, and defendant is a domestic banking corporation whose business is to make loans to its members, who give therefor their promissory notes.   It recovered judgment in the Municipal Court of the City of New York against certain individuals for a sum of money and execution thereon was delivered to plaintiff and returned by him unsatisfied.

Thereafter orders garnisheeing the salaries of two judgment debtors were delivered to plaintiff who filed them with the city of New York, asserted to be their employer, and on the same day, but subsequently thereto, one of these debtors paid to defendant the full amount of the judgment against him in satisfaction of the judg-

ment. Plaintiff has unsuccessfully laid claim to fees amounting to eight dollars and sixteen cents, fixing the amount under section 178 of the Municipal Court Code, and he asserts that defendant, the judgment creditor, is liable to him in that sum.

Plaintiff insists that, having delivered the garnishee order to the employer before the wage was to be paid, he is entitled to fees from the judgment creditor upon the payment to it of the amount of the judgment, and that a garnishee order is an execution, within the meaning of sections 684 and 685 of the Civil Practice Act.

The fees to which a city marshal is entitled are regulated by the Municipal Court Code and his right, if any, to fees must be established by its provisions, for neither sheriff nor marshal is entitled to any but the enacted fees. (*Auerbach* v. *Hesse*, 122 Misc. 656; *French* v. *Bankverein Suisse*, 179 App. Div. 371.) The reason for this rule was well stated in *McCarthy* v. *Bonynge* (12 Daly, 356, 359) (in reference to a statute fixing the fees of an official stenographer): " to prevent extortion and oppression on the part of public officers, and the interminable litigation which would necessarily arise if the amount of their compensation or the value of their services was dependent upon the circumstances of each particular case, a specified allowance was fixed by law, which, taking one case with another, was deemed a fair compensation.

In section 178 of the Municipal Court Code, which enumerates all the charges to which a marshal may be entitled, the fees are fixed as follows: " For levying an execution or selling under an attachment, five cents for every dollar collected to the amount of one hundred dollars, and two and a half cents for every dollar collected over one hundred dollars." That section contains no provision for exacting fees upon a settlement. The concluding clause of that section is as follows: " The said marshals shall perform all other services required of them by law, without any fees or compensation and no other fees, charges, or compensation shall be allowed to, demanded or charged by them."

This provision must be read in the light of section 67 of the Public Officers Law (Laws of 1909, chap. 51), which provides:

" 1. Each public officer upon whom a duty is expressly imposed by law, must execute the same without fee or reward, except where a fee or other compensation therefor is expressly allowed by law.

" 2. An officer or other person, to whom a fee or other compensation is allowed by law, for any service, shall not charge or receive a greater fee or reward, for that service, than is so allowed.

" 3. An officer, or other person, shall not demand or receive any fee or compensation, allowed to him by law for any service, unless the service was actually rendered by him; except that an officer

may demand in advance his fee, where he is, by law, expressly directed or permitted to require payment thereof, before rendering the service.

" An officer, or other person, who violates either of the provisions contained in this section, is liable, in addition to the punishment prescribed by law for the criminal offense, to an action in behalf of the person aggrieved, in which the plaintiff is entitled to treble damages."

A public official who receives any payment or reward except such as may be authorized by law for the doing of an official act is declared by section 1826 of the Penal Law to be guilty of a felony. (*Grayrock Land Co.* v. *Wolff*, 67 Misc. 153, 155; *Crofut* v. *Brandt*, 58 N. Y. 106.)

Plaintiff asserts that a city marshal is upon the same footing as a sheriff by virtue of section 151 of the Municipal Court Code and that since a sheriff upon levying an execution may be entitled to poundage upon a settlement, the marshal must be treated in like fashion. (See Civ. Prac. Act, § 1558, subd. 7.)

Section 151 of the Municipal Court Code governs the general powers, duties and liabilities of marshals and extends their authority throughout the city of New York, and directs that all provisions of law relating to the powers, duties and liabilities of sheriffs in executing the process therein mentioned shall apply to marshals. It does not, however, declare that their fees or compensation shall be the same. On the contrary, their respective fees are regulated by separate and distinct statutes and section 151 does not relate to fees. (*Kern* v. *Larsen*, 140 Misc. 802; Lauer Mun. Ct. Prac. [2d ed.] § 56.)

We, therefore, conclude that the plaintiff is not entitled to the fees sought and that judgment should be directed in favor of defendant, but, under the stipulation, without costs.

FINCH, P. J., MARTIN, O'MALLEY and TOWNLEY, JJ., concur.

Judgment directed in favor of defendant, without costs. Settle order on notice.