GRACE E. GIMENEZ, Plaintiff, *v.* GREAT ATLANTIC AND PACIFIC TEA COMPANY, Appellant, and Another, Defendant.
SHERIFF OF THE COUNTY OF KINGS and Another, Respondents.

Second Department, December 3, 1934.

Harry C. W. Melick, for the appellant.

Edward L. Kelly, for the respondent Sheriff of Kings county.

Henry J. Shields [Paul Windels, Corporation Counsel, Paxton Blair and Sherman S. Rogers with him on the brief], for the respondent Chamberlain of the City of New York.

DAVIS, J. The defendant tea company made a motion to direct the sheriff of Kings county to return poundage fees on execution. The motion was denied.

Following an affirmance of the plaintiff's judgment in the Court of Appeals (264 N. Y. 390), the attorney issued an execution thereon to the sheriff and demanded that a levy be made on five or six stores of defendant in Brooklyn. The sheriff's counsel told plaintiff's attorney that in view of the well-known solvency of this defendant he did not believe it would be necessary to make any levy, but that it might be possible to communicate with defendant and get a check in full payment. After some argument plaintiff's attorney was informed that no levy would be made until the next day. That ended the plaintiff's relation to the matter.

The sheriff's counsel then communicated with the divisional counsel of defendant and informed him of the receipt of the execution and asked what arrangements would be made for payment. He was informed that the matter would be taken up with the attorney of record for defendant in this case. That attorney was evidently informed, for, later in the same day, he called up to say that the judgment would be paid " in the course of a few days; " and was informed that such an arrangement would not be accepted. Then the attorney asked that levy be withheld until eleven A. M. the next day, stating that the judgment would be paid in full and that the sheriff's fees would be satisfied. Levy was withheld in accordance with this agreement.

The next day the attorney appeared at the sheriff's office, gave defendant's check for the full amount of the judgment, and was requested by the sheriff's counsel to pay the poundage, amounting to $307.25. The attorney objected on the ground that no levy had been made, and was told that the levy had been withheld, as requested, because of the desire not to harass the defendant by closing its stores as plaintiff's counsel had asked. Finally, under protest, a check was given for the fees and the matter was left for the attorney to take legal proceedings to determine the legality of the demand.

On this appeal the defendant's counsel contends that the sheriff was not entitled to poundage in the absence of a levy. It might be said with some propriety that such a claim comes with poor grace from one who had received a distinct favor as well as forbearance when the sheriff withheld the levy, which he might have made and thus made his poundage collectible beyond question.

The appellant's counsel argues that the plaintiff is obligated to pay the fees; but she has not been joined in this motion. He bases this argument on the old common-law rule which at one time did cast the burden of payment on the plaintiff. Originally the sheriff was not entitled to any fees except those which he could exact as a price for some degree of activity; but as abuses grew up and sheriffs were accustomed to practice extortion on both parties more or less indiscriminately, the statute of 29 Elizabeth, chapter 4, was passed, which in a manner regulated the taking of fees for executing certain process. (*Campbell* v. *Cothran*, 56 N. Y. 279, 281; *Flack* v. *State of New York*, 95 id. 461, 465.)

Under the common-law rule as changed by English statutes the question of sheriff's fees pursued in this State a somewhat erratic course, unnecessary now to discuss. (See *Adams* v. *Hopkins*, 5 Johns. 252; *Judson* v. *Gray*, 11 N. Y. 408.) Later, the subject was regulated by statute, culminating without very material change in sections 1558 and 1559 of the Civil Practice Act. These sections provide in brief: § 1558. "A sheriff is entitled for the services specified in this section to the following fees: * * * 7. For collecting money by virtue of an execution, a warrant of attachment, * * * in either of the counties of New York, Kings, * * * five per centum upon the first one thousand dollars collected, two and one-half per centum on the next nine thousand collected, and one per centum on all sums over and above ten thousand dollars * * *." § 1559. "The fees of a sheriff, upon an execution against property, other than those with respect to which it is specially prescribed by statute either that they must be paid by a particular person or that they may be included in the costs of the party in whose favor the execution is issued, must be collected by virtue of the execution in the same manner as the sum therein directed to be collected."

These statutes are somewhat obscure as to just when the sheriff becomes entitled to poundage. Appellant argues that where no levy is made the common-law rule apples — emphasizing the words " by virtue of an execution," which he says mean that a levy must be made. He attaches no weight to the words " *collected* by virtue of the execution." It is the execution in his hands by means of which the sheriff acts in making the collection — by levy, of course,

if the judgment debtor is recalcitrant, but by voluntary payment without levy if the debtor wishes to avoid further trouble and expense. The result is substantially the same.

There is nothing in the statute imposing a duty on the plaintiff to pay, except the fees of the sheriff for receiving the execution (Civ. Prac. Act, § 1558, subd. 6) and for returning it (Id. subd. 10); and these fees may be collected again from defendant. (Civ. Prac. Act, § 1518, subd. 8.) Further, the sheriff may receive additional fees for the advertising and sale of property. (Civ. Prac. Act, § 1558, subds. 8, 9 and 10.) So defendant was enabled to avoid these additional expenses by asking the sheriff to withhold the levy.

We think it is quite commonly understood in the profession that it is the practice that the sheriff receives fees or poundage when collection is made without levy under the general circumstances detailed here. That no doubt accounts for the absence of authority on the precise question, which authority both counsel admit cannot be found.

If it be granted that the practice has prevailed for a long time, then the doctrine of cases of the type of *Grimmer* v. *Tenement House Department* (205 N. Y. 549) applies — that the practical construction of a statute by those for whom the law was enacted or by public authorities whose duty it is to enforce it, acquiesced in by all for a long period of time, is of great importance in its interpretation in case of apparent ambiguity.

The cases cited by counsel do not fit the facts here. In *Campbell* v. *Cothran* (*supra*), after execution was issued and a levy made on property, the judgment was modified on appeal by a large reduction, of which fact the sheriff had notice. In an action by the sheriff to recover the entire amount of his fees on the original execution it was held that he was entitled only to those based on the judgment as modified. The English rule was stated in the opinion, " That poundage was only to be taken on the sum realized on the execution " and that " To levy an execution, in a strict sense, includes both the seizure and sale of the property taken upon it." But as to the practice in this State it was said: " The general rule, that in executions against property the poundage is due in respect *only to the sum collected upon it,* is clearly expressed in the language quoted " (from the Revised Statutes). There is further comment on the question of liability on " service of an execution." Under modern practice we do not speak of " service of an execution." It is now " the collection of money by virtue of an execution." The case cited is not particularly helpful in the solution of this problem.

The same may be said of the other case on which appellant relies — *Sorge* v. *Honigsbaum* (137 Misc. 824). There the sheriff held executions but had made no levy. The defendants communicated with him, offering to pay the judgments in full. The sheriff wrote them, stating an exact amount which if paid would result in his "return [of] the executions satisfied in full." Defendants delivered to him a check for the full amount, which he accepted, indorsed and deposited to his credit. Thereafter he declined to satisfy the judgment on the ground that he had inadvertently failed to include his own fees of $214.53. On motion he was directed to return the execution satisfied. The basis of the determination was that an agreement had been made and performed with a waiver of fees, and the matter had been closed on that basis. Whatever else is said in the opinion is *dictum* without citation of authority.

*Flack* v. *State of New York* (*supra*) is not determinative of the question. There are expressions in the opinion that make the services for "collecting" the basis of compensation, and there is some reference to the fact that interference with the sheriff in his execution of process may cast liability on the one interfering. On the latter theory, the defendant might be held liable, for it was at its request that levy was delayed contrary to the instructions given by plaintiff.

On the basis that the sheriff withheld levy at the request of defendant's attorney, with an agreement to pay the fees, and that collection was made by virtue of the execution in his hands; and on the further basis that the right to poundage has been long recognized in the practice under such circumstances, we reach the conclusion that the order should be affirmed.

The order should be affirmed, with ten dollars costs and disbursements.

LAZANSKY, P. J., YOUNG, SCUDDER and TOMPKINS, JJ., concur.

Order denying motion of defendant Great Atlantic and Pacific Tea Company to direct the return of $307.25, paid as poundage fees, affirmed, with ten dollars costs and disbursements, payable to the sheriff of the county of Kings.