In the Matter of the Application of ISIDORE HIRSCH, Petitioner, for an Order against HARRY W. MARSH and Others, Constituting the Municipal Civil Service Commission of the City of New York, Respondents.

Supreme Court, Special Term, New York County, April 15, 1942.

*Bernard A. Finkel*, for the petitioner.

*William C. Chanler, Corporation Counsel*, for the respondents.

*Samuel D. Smoleff*, for the intervening respondents.

SHIENTAG, J.   This is a proceeding brought under article 78 of the Civil Practice Act to restrain the appointment of persons on a list for city marshal to the position of deputy sheriff, and to compel the separation from the service of all such persons already so appointed.   Twelve persons who have been appointed from the city marshal list to the position of deputy sheriff have been permitted to intervene by court order, upon consent of the parties in interest.

At the request of the mayor of the city of New York, the municipal civil service commission conducted an examination for city marshal. The commission itself has stated in another proceeding that the

examination for city marshal was to be held in accordance with the power conferred upon it by section 816 of the New York City Charter (providing for examinations for licenses or permits). (*Fox* v. *Kern,* 12 N. Y. Supp. [2d] 561.) The notice of examination, as advertised by the commission on March 6, 1939, contained the following recital: " City Marshal (Open Competitive) (Position is not yet formally in the competitive class. Appointments will be made by the Mayor.) Salary: None. Compensation is wholly by way of legal fees. Appointees must also provide own place of business." Pursuant to that notice, some 1,900 applications were filed for city marshal and 1,585 applicants appeared on May 6, 1939, when the examination was held.

There is no question concerning the adequacy of the test. Thereafter and on or about January 22, 1940, the commission published the results of the test in the City Record. This publication was headed as follows: " Municipal Civil Service Commission Informal Alphabetical List for City Marshal. Note: This is at present an informal qualified list for the Mayor's advice only, since the position is not yet in the Competitive Class." Then followed a list of some 204 persons, in alphabetical order.

At no time, either before the examination was held or since, has the position or office of city marshal ever been in the classified branch of the civil service of the city of New York. At no time has that office or position ever been in the competitive class of the civil service. On the contrary, the city marshal from an early date in the history of the city was considered and held to be a public officer. (See, for example, Laws of 1862, chap. 484, §§ 4, 18; Laws of 1901, chap. 466, § 1424; Municipal Court Code, § 145; *Hohauser* v. *Municipal Credit Union,* 237 App. Div. 635.) He was appointed by the mayor for a definite term. He received no salary. He furnished his own office and his assistants. He was paid solely by fees for the service of legal papers and court mandates. A city marshal never had a status as a civil service employee and never had any of the benefits under the Civil Service Law. This list in alphabetical order promulgated by the civil service commission was in no way considered as binding upon the mayor in making appointments. It was advisory merely. He could use it or not, as he saw fit.

Thereafter, at the general election held in November, 1941, the position of deputy sheriff became a part of the competitive municipal service by virtue of the enactment of section 955-a of the New York City Charter, effective January 1, 1942. On November 17, 1941, the commission published an eligible list for city marshal containing 101 names in the order of rating. The list

contained this note: " This list is now being published with names in competitive order because of the possibility of certification for positions in the City Sheriff's office."

On January 1, 1942, there was no municipal civil service list in existence for the position of deputy sheriff. By action taken at a meeting of the municipal civil service commission, held on January 14, 1942, the commission found, pursuant to section 14 of the Civil Service Law, that the eligible lists for the positions of city marshal and patrolman (special list) were appropriate for appointment to the position of deputy sheriff. Incidentally, while the question of appropriateness rests primarily with the civil service commission, it seems clear to the court that if the city marshal list is, in fact, a valid civil service list, as claimed by the respondents, that list was more appropriate for use in filling positions of deputy sheriff than was the special list for patrolman, because the duties of a deputy sheriff are much more closely related to those of a city marshal than they are to those of a patrolman.

It is clear, however, that the city marshal list of November 17, 1941, was not a valid eligible list within the meaning of the Civil Service Law. The persons whose names appeared on that list did not acquire a civil service rating or status. (See *Matter of Jampol* v. *Kern*, 280 N. Y. 659.) Where a list is not considered as an eligible list under the Civil Service Law for a position which it purports to cover, it certainly cannot be considered a valid civil service list from which to make appointments under the Civil Service Law to another position in the competitive class of the civil service. In other words, if, as is conceded, the persons appearing on the city marshal list of November 17, 1941, had no civil service status for appointment to the position or office of city marshal, they cannot have any civil service status for appointment to some other position in the classified civil service of the city. To hold otherwise would be to frustrate competition as required by the Constitution and the Civil Service Law and to impair the entire merit system.

The fact that the petitioner was taken from the patrolman's list (special), and made a provisional appointee as a deputy sheriff in the competitive class " does not bar him from presenting to to the courts his petition for the enforcement by officials of their mandatory duty." (*Matter of Poss* v. *Kern*, 263 App. Div. 320, 325, and cases there cited.) The petitioner, therefore, is entitled to the relief sought. Settle order containing a provision for a stay.