MORTON MOROWITZ et al., Copartners Doing Business under the Name of MOROWITZ & BLUM, Plaintiffs, v. DADOURIAN EXPORT CORPORATION, Defendant.

Supreme Court, Special Term, New York County, December 8, 1942.

*Harry Tabershaw* for plaintiffs.

*Emanuel M. Cohn* for defendant.

*Sidney Posner* for sheriff.

BENVENGA, J.  The plaintiffs brought an action to recover the sum of $5,972.36 for goods sold and delivered.  The defendant interposed a counterclaim in the sum of $2,921.49, and caused a warrant of attachment to be served upon the plaintiffs' debtor, a foreign corporation.  The sheriff levied against a debt owing to the plaintiffs amounting to $2,275.87.  The parties then stipulated to settle and discontinue their respective causes of action. The sole question presented on this motion to vacate and set aside the warrant of attachment is whether the sheriff is entitled to poundage.

It is not disputed that the right of the sheriff to poundage is purely statutory.  (*Campbell* v. *Cothran*, 56 N. Y. 279, 281; *French* v. *Bankverein Suisse*, 179 App. Div. 371, 372.)  Under

Civil Practice Act, section 1558, subdivision 18, the sheriff is entitled to poundage "upon the value of the property attached not exceeding the amount specified in the warrant," payable by the party at whose instance the attachment was issued.

But it is urged that the sheriff is not entitled to poundage where, upon the discontinuance of an action, no consideration passes between the parties. In support of this contention, defendant relies upon Civil Practice Act, section 1558, subdivision 2, and *French* v. *Bankverein Suisse* (*supra*). Neither the statute nor the case relied upon supports the contention of the defendant. The statute merely provides that where an action is settled the sheriff is entitled to poundage "upon the value of the property attached, not exceeding the sum at which the settlement is made." The case relied upon (*French* v. *Bankverein Suisse, supra*) is distinguishable. There the plaintiff, in discontinuing the action, received no consideration of any nature from the defendant, either direct or indirect. Moreover, there was absolutely no basis for instituting the action. Here, there was basis for the action and basis for the counterclaim. In other words, in the case relied upon the plaintiff had no cause of action against the defendant and was not entitled to the warrant of attachment, while in the case at bar the parties had causes of action against each other and the defendant was entitled to the warrant of attachment. Obviously, the consideration for the settlement was the agreement on the part of the parties to offset and cancel their respective claims. The sheriff is therefore entitled to poundage upon the value of the property attached. Accordingly, the motion is granted upon the payment of the poundage fees. Settle order.