LEO GROOM, Doing Business as Sterling American Service, Plaintiff, *v.* ANNA H. JARBOE et al., Defendants.

ELEANOR BAYTI, as Administratrix of the Estate of LEO GROOM, Deceased, Plaintiff, *v.* ANNA H. JARBOE et al., Defendants.

Supreme Court, Special Term, New York County, September 12, 1946.

*Aaron J. Lipper* and *Walter J. Keeley* for defendants appearing specially.

*Milton H. Goldstricker* for plaintiffs.

GREENBERG, J. Defendants appearing specially move to vacate service of summons, warrant of attachment and levy made thereunder, based upon the failure of the plaintiff administratrix to comply with section 905 of the Civil Practice Act and for insufficiency of the papers supporting the warrant.

The action was originally commenced by Leo Groom during his lifetime and a warrant of attachment was issued on April 19, 1946. The Sheriff of the City of New York, Kings County Division, made a levy thereunder on April 22, 1946, upon funds due the defendants from the estate of James J. Healey.

Service of the summons was effected on July 17, 1946. In the meantime and on May 6, 1946, Leo Groom died and his administratrix, the present plaintiff, qualified on May 17, 1946. Without knowledge of the death of Groom, defendants made an application returnable June 20, 1946, upon notice to the attorney for the original plaintiff, to vacate the warrant of attachment upon the ground that they had not been served within the time fixed by section 905 of the Civil Practice Act.

That application was denied by McGeehan, J., who stated (N. Y. L. J., June 27, 1946, p. 2534, col. 3): " The disability of the attorney for the plaintiff to act following the death of the latter excused the failure to proceed with the service of the summons." At the time that the original motion to vacate the attachment was made, it did not appear when the administratrix had qualified but she did come forward by an attorney of her selection who continues to appear for her and who urged denial of the application under section 240 of the Civil Practice Act. The defendants, therefore, move again to vacate service of summons and for other relief predicated on the ground that the deceased plaintiff's administratrix in any event was required, under the provisions of section 905, to effect service upon the defendants within thirty days after her appointment as administratrix, and that since she failed to do so, service was not timely made.

(1) Under the authorities interpreting the provisions of section 905 of the Civil Practice Act, service of summons must be made within thirty days after issuance of a warrant of attachment, and a failure so to effect service divests the court of jurisdiction and renders the warrant a nullity (*McCoy* v. *Erie Forge & Steel Co.*, 118 Misc. 851, affd. 201 App. Div. 570; *Blossom* v. *Estes*, 84 N. Y. 614). The language of section 905 is clear; it makes no exceptions other than in case of the defendant's death before expiration of the thirty-day period. Here the plaintiff died and there is no provision in section 905 of the Civil Practice Act for an extension of time within which to effect service.

(2) Even assuming that plaintiff is entitled to an extension of time within which to effect service, and assuming further that sections 240 and 905 of the Civil Practice Act have application to the plaintiff, the time limitations contained in both sections have not been complied with. The original plaintiff died on May 6, 1946, and his administratrix was appointed on May 17, 1946. The summons was not served until July 17, 1946. Thus sixty-one days elapsed from the date that the administratrix was appointed before service was effected. At most the administratrix was entitled to sixty days after letters of administration were granted. Service, therefore, was not timely and the warrant of attachment must fall.

(3) The affidavit presented in support of the warrant of attachment is insufficient in that it contains conclusions and, in effect, repeats the allegations of the complaint. To sustain

an attachment, evidence tending to support the allegations of the complaint must be found in the papers upon which the attachment is based. The affidavit must contain evidence from which the court can determine that the ultimate facts stated in the pleading can be sustained (see *Miller Bros. Constr. Co., Inc.*, v. *Thew Shovel Co.*, 248 App. Div. 150).

Accordingly, the motion is in all respects granted and sheriff's poundage is assessed against the plaintiff. Settle order.