In the Matter of the Accounting of ELEANOR BATYI, as Administratrix of the Estate of LEO GROOM, Deceased.

Surrogate's Court, Kings County, December 21, 1948.

*Greenthal & Diemert* for administratrix, petitioner.

*Sidney Posner* for John J. McCloskey, as Sheriff of the City of New York, claimant-respondent.

McGAREY, S. The insolvency of this estate poses the question whether a sheriff's poundage arising from the procurement of a warrant of attachment by the decedent and the vacatur thereof subsequent to his death constitutes an administration expense entitling it to priority or whether it was a debt of the decedent. The factual background, insofar as it concerns this matter, is reported in *Groom* v. *Jarboe* (188 Misc. 808).

When the testator died, the sheriff primarily possessed an inchoate claim or lien against the attached property for his poundage, and secondarily, a contingent claim against the decedent. Ordinarily the amount of the sheriff's poundage and the source from which or by whom to be paid cannot be determined until the termination of the litigation by settlement between the parties (*Morowitz* v. *Dadourian Export Corp.*, 179 Misc. 373), discontinuance of the action (*Duffy* v. *Burton*, 20 App. Div. 51, affd. 164 N. Y. 608; *O'Brien* v. *Nat. Conduit & Cable Co.*, 43 Misc. 327), operation of law (*Zarski* v. *Wohl & Cie*, 186 Misc. 824), judgment (*Matter of Dempsey* v. *Lynch Co., Inc.*, 175 Misc. 710, affd. 261 App. Div. 829; *Gimenez* v. *Great Atlantic & Pacific Tea Co.*, 242 App. Div. 485) and vacatur of attachment (*Bruskin* v. *Diamond Trading Co.*, 182 Misc. 444; *Upton* v. *Electric Construction Co.*, 89 Hun 502).

Events subsequent to attachment, therefore, control the fixation of the amount of poundage and from whom collectible. Had the administratrix failed to participate in that litigation, other than as a nominal party to terminate it, the poundage assessed by the court would have been a debt of the decedent.

The administratrix, however, had herself substituted as plaintiff and actively participated in the litigation, all to the presumptive end of increasing the assets of the estate, by procuring an order on July 15, 1946, extending the time of the sheriff to reduce the attached property to his possession and on July 17, 1946, the summons and complaint were served. That service was not effected, however, within the period prescribed by statute (*Groom* v. *Jarboe, supra*). The adoption of pending litiga-

tion by a fiduciary, in its ultimate result and consequence, is no different than that which would flow from the institution by himself of original litigation. Benefits, if any, derived therefrom enure to the estate, and likewise expenses incurred therein are chargeable to the estate.

Legal charges of a sheriff are taxable items of cost (*Fosdick* v. *Globe Indemnity Co.*, 189 App. Div. 696). Costs recoverable against a fiduciary are entitled to priority as an expense of administration (*Matter of Friedlander*, 160 App. Div. 475; *Matter of Carnegie Trust Co.*, 161 App. Div. 280, 283) and this is equally true as to the prosecution of a pending action (*Columbian Insurance Co.* v. *Stevens*, 37 N. Y. 536) and embraces not only costs which arose before his substitution but also those accruing thereafter (*Camp* v. *Receivers of Niagara Bank*, 2 Paige Ch. 283). Accordingly, the court holds that the sheriff's poundage is an administrative expense and entitled to equal priority with other administrative expenses.

Submit decree, on notice, accordingly.